■ KATHLEEN M. BURCH, Respondent, v RAY PHILLIPS, Individually and Doing Business as SILVER SPRINGS RANCH, et al., Defendants, and TEXTRON, INC., Appellant. — In an action to recover damages for personal injuries, defendant Textron, Inc., appeals from an order of the Supreme Court, Kings County (Shaw, J.), dated July 7, 1981, which, inter alia, denied its motion to change the venue of this action to Greene County and granted the cross motion of the plaintiff to change venue to Suffolk County. Order modified (1) by deleting the first and second decretal paragraphs and substituting therefor provisions granting the motion of Textron, Inc., and denying the cross motion of plaintiff, and (2) by changing the word "Suffolk" in the third and fourth decretal paragraphs to the word "Greene". As so modified, order affirmed, with $50 costs and disbursements to defendant Textron. The summons in this action states that the basis of the selection of Kings County as the venue of this personal injury negligence action is plaintiff's residence in that county. The record establishes that at the time the action was commenced plaintiff resided in Greene County, not Kings County, and that plaintiff's alleged residence in Kings occurred, if at all, after commencement of this action. Venue in Kings County was therefore improper (see CPLR 503, subd [a]). Defendant Textron did not serve a timely demand for a change of venue under CPLR 511 (subds [a], [b]) and accordingly it waived its prerogative to obtain a change of venue as of right (see Matter of D. M. C. Constr. Corp. v Nash Steel Corp., 70 AD2d 635, 637, app dsmd 49 NY2d 1040). Its motion was therefore addressed to the discretion of the court on the ground specified in CPLR 510 (subd 3). In our opinion Special Term improvidently exercised its discretion in denying defen-

dant Textron's motion to change venue to Greene County where the accident happened, where two of the defendants reside, where plaintiff was hospitalized after the accident, where the initial treating physician practices and where plaintiff herself resided for a period of time after the accident, and in granting plaintiff's cross motion to change venue to Suffolk County where she resided before the accident and where she has now resumed residence. Damiani, J. P., Mangano, Gibbons and Boyers, JJ., concur.