■ LUCILLE KELSON et al., Respondents, v NEDICKS STORES, INC., Appellant. — Order of the Supreme Court, New York County (Wolin, J.), entered April 15, 1983, which, *inter alia,* denied defendant's motion to change venue to Westchester County, unanimously reversed, on the law and facts and in the exercise of discretion, without costs, and defendant's motion is granted.

The infant plaintiff herein was allegedly assaulted outside a Nedicks restaurant at 34th Street and Broadway in Manhattan by an employee of defendant Nedicks. Plaintiffs brought this action in New York County, alleging that it was the place of defendant's residence.

Plaintiffs are residents of Kings County and defendant is a Delaware corporation with its principal office in Westchester County. Upon answering, Nedicks served a "Demand for Change of Venue", pursuant to CPLR 511 (subd [b]), from New York County to Westchester County. Plaintiffs, however, neither served a written consent agreeing to the change nor an affidavit showing either that the county specified by defendant was not proper or that the county designated by them was proper (see CPLR 511, subd [b]).

Thereafter, defendant moved pursuant to CPLR 503 (subd [a]); 510 and 511, for an order changing the venue from New York County to Westchester. The plaintiffs submitted an opposing affidavit but made no cross motion either to retain venue in New York County or transfer it to Kings County.

When Special Term *sua sponte* transferred venue to Kings County, it acted in contravention of the statute. Pursuant to CPLR 510 (subd 1): "The court, *upon motion,* may change the place of trial of an action where: 1. the county designated for that purpose is not a proper county" (emphasis added). The court is authorized to change venue only upon motion and may not do so upon its own initiative (see 2 Weinstein-Korn-Miller, NY Civ Prac, par 510.01).

It is settled that a plaintiff will forfeit the right to select the place of venue by choosing an improper venue in the first instance (see Siegel, NY Prac, § 123; 2 Weinstein-Korn-Miller, NY Civ Prac, par 511.04; *Papadakis v Command Bus Co.,* 91 AD2d 657).

Defendant fully complied with the statutory procedure for changing venue by serving a written demand with its answer and thereafter moving to change venue to Westchester within 15 days after service of the demand (CPLR 511, subd [b]). In contrast, plaintiffs neither served an affidavit showing that the county specified by defendant was improper, nor that the county specified by them was proper, nor did they make a cross motion to retain venue in New York County or transfer venue to Kings. Accordingly, Special Term abused its discretion in denying defendant's motion and *sua sponte* transferring the trial of this action to Kings County. Concur — Ross, J. P., Asch, Bloom, Fein and Alexander, JJ.