(December 15, 1988)

■ ANTONIO MORALES, Appellant, v VINCENT MUCCIO, Respondent.—Order of the Supreme Court, Bronx County (Jack Turret, J.), entered on or about May 12, 1988, which granted defendant Muccio's motion for a change of venue to Westchester County, unanimously reversed on the law, the motion denied and venue restored to Bronx County, without costs.

Although the accident giving rise to the within action occurred in Westchester County, plaintiff properly commenced the action in Bronx County where he resides. (See, CPLR 503 [a]; 509.) Defendant moved to change venue to Westchester County arguing that a transitory action should be placed in the county where it arose and that the residence of one party should not govern the venue of the action. The court granted the motion upon the ground that since neither party had established that the convenience of material witnesses would be promoted by situating the action in the county of their choosing, the matter should be tried in the county where it arose. This was error. Venue was properly placed in The Bronx and should not have been changed for the reasons advanced by either the defendant or the court. As we stated in *Boriskin v Long Is. Jewish-Hillside Med. Center* (85 AD2d 523), "The general rule that a transitory action should be brought where the cause of action arose (see *Slavin v Whispell*, 5 AD2d 296), while of great significance in deciding whether venue should be changed * * * is predicated on the convenience of material witnesses (CPLR 510, subd 3)." The defendant did not move to change venue based on the convenience of material witnesses and indeed made no showing that the requested change would promote that end. In the absence of such a showing it was not appropriate to remove the action to the county where it arose. Concur—Murphy, P. J., Carro, Milonas and Rosenberger, JJ.