■ MILAGROS ROSA et al., Appellants, v DENNIS SHAVELSON et al., Respondents.—Order, Supreme Court, Bronx County (Jack Turret, J.), entered on or about April 18, 1988, which granted defendants' motion to transfer the venue of this action from Bronx County to New York County, unanimously reversed, on the law and the facts, and the motion to change venue denied, with costs.

This is an action for malpractice growing out of the podiatric treatment rendered to plaintiff Milagros Rosa by the defendants. The action was commenced by the service of a summons on or about June 28, 1985 and issue was joined on or about September 24, 1985. Prior to issue being joined, by demand dated September 13, 1985, made pursuant to CPLR 511, defendants demanded that the action be changed from Bronx County to Queens County on the grounds that venue in Bronx County was improper. This demand was rejected by the plaintiffs by an affirmation dated September 20, 1985.

Approximately 2½ years after the rejection of the demand to change venue to Queens County, defendants moved, pursuant to CPLR 510, to change the venue of the action to New York County. The affirmation in support of the motion alleged that a demand for a change of venue had been made in December 1985 (rather than Sept. 1985) and not responded to and that venue in New York County was proper because the cause of action arose there, the plaintiff resides there and defendants have their offices there.

We reverse for three reasons. First, venue in The Bronx where the defendant The Podiatry Group of Greater New York has an office is not improper. (CPLR 503.) Second, the defendants waited for over 2½ years after the commencement of the action to move for a change of venue. Finally, while CPLR 510 (3) permits a change of venue for "the convenience of material witnesses and the ends of justice", no information whatsoever is given concerning the names of witnesses, their addresses or the nature of their testimony. (*Boriskin v Long Is. Jewish-Hillside Med. Center,* 85 AD2d 523 [1981].) Concur—Kupferman, J. P., Ross, Rosenberger, Smith and Rubin, JJ.

■ In the Matter of JOHN FANNING, Petitioner, v RICHARD CORBISIERO, as Chairman of the New York State Racing and Wagering Board, et al., Respondents.—Determination of respondents dated December 31, 1987 unanimously confirmed, without costs and without disbursements, and the stay of suspension vacated. No opinion. Concur—Murphy, P. J., Sullivan, Ross, Milonas and Smith, JJ.