■ MARIA GOUSGOUNIS et al., Appellants, v BRAVOR PLUMBING HEATING COMPANY INC. et al., Respondents.—Order, Supreme Court, New York County (Charles Ramos, J.), entered December 9, 1988, which granted the motion of the defendants to change the venue from New York County to Queens County, and which denied the plaintiffs' cross motion for the imposition of sanctions against defendants' attorney, unanimously reversed, on the law, the facts, and in the exercise of discretion, and the motion for a change of venue denied and venue retained in New York County, with costs and disbursements of this appeal, and the cross motion for sanctions granted to the extent of imposing $500 costs upon the defendants' attorney personally.

The instant action, which seeks a recovery for injuries sustained when defendants' vehicle struck the plaintiff Maria Gousgounis, a pedestrian, as she was crossing the intersection of 34th Street and 8th Avenue in Manhattan, was commenced on June 6, 1988 in New York County. After issue was joined, the defendants, by motion returnable July 25, 1988, moved for a change of venue from New York County to Queens County, on the basis of defendants' residence in Queens County. It is conceded that plaintiffs reside in Nassau County and defendants asserted that the placing of venue in New York County was improper, since none of the parties reside in that county. In response, plaintiffs pointed to the following significant

contacts with New York County: the accident occurred there; the police officer on the scene, a key witness, was from New York County; the injured plaintiff was taken immediately to St. Vincent's Hospital in New York County, and was treated there for two weeks; plaintiff's principal treating physicians, material witnesses, had offices in New York County; and plaintiff was employed in New York County.

Despite these factors, the IAS court granted the motion for a change of venue. We find that the court abused its discretion in granting the motion.

Initially, it should be noted that the defendants' motion was procedurally infirm. Where, as here, the motion for change of venue is predicated on the ground that the designated county is improper (CPLR 510 [1]), the motion must be "served with the answer or before the answer is served" (CPLR 511 [a]). Since the instant motion was made after the service of the answer, the statutory requirement had not been satisfied, and the motion was addressed to the court's discretion. *(Callanan Indus. v Sovereign Constr. Co.,* 44 AD2d 292.)

Viewing the matter from a discretionary standpoint, we find that venue was properly placed in New York County and in light of the many factors described above evidencing a strong nexus with New York County, the IAS court did not appropriately exercise its discretion in transferring the case to Queens County. While none of the parties reside in New York County, all of the activities transpired in New York County, and this being a transitory action, the plaintiffs' choice of New York County as the venue of the action was proper since it will clearly serve the convenience of the material witnesses. *(Varone v Memoli,* 121 AD2d 213; *see also, Toro v Gracin,* 148 AD2d 364.)

The trial court also denied the plaintiffs' cross motion for sanctions against the defendants' attorney. Plaintiffs requested sanctions because of the improper and burdensome motion practice engaged in by defendants. The application for change of venue was made on three separate occasions, on the first two of which defendants' attorney failed to appear resulting in the motion being marked "off calendar". On each successive occasion, the defendants brought the identical motion and failed to apprise the court of their previous applications for such relief. Defendants' attorney's lack of diligence and concealment of prior proceedings from the court warrant the imposition of sanctions and the IAS court erred in denying such relief. Accordingly, because of the burdensome motion

practice, the cross motion is granted and costs in the sum of $500 are imposed on defendants' attorney. Concur—Sullivan, J. P., Ross, Milonas, Ellerin and Rubin, JJ.