■ CHARLES J. LALKA, Individually and as Administrator of the Estate of CHARLES J. LALKA, Deceased, Appellant, v PAS-QUALE MASSAFRA et al., Respondents.—Order, Supreme Court, Bronx County (Anita Florio, J.), entered December 13, 1989, which granted defendants' motion to change venue from Bronx County to Westchester County, unanimously reversed, on the law, the facts, and in the exercise of discretion, and the motion for a change of venue is denied and venue retained in Bronx County, with costs and disbursements of this appeal.

Plaintiff's decedent was killed when his motorcycle collided with an automobile owned by defendant Santa Capparelli in Westchester County on May 21, 1987. Plaintiff instituted this wrongful death action in Bronx County, the residence of defendant Angela Puccia, who told the police after the accident that she had been driving the 1982 Pontiac which had been involved in the accident. Two days later, defendant Pasquale Massafra told the police that he had actually been the driver of that car, and that he and Puccia, who had been a passenger in the car, had lied earlier because Massafra had been involved in another accident and was afraid of getting into trouble. Massafra and Puccia pleaded guilty to conspiring to falsify a police report.

Defendants thereafter moved for an order changing venue from Bronx County to Westchester County on the ground that the only party to the action who resided in the Bronx was Angela Puccia who was no longer an appropriate party to the action since she was not the driver of the vehicle involved in the accident. Defendants further alleged that since the cause of action arose in Westchester County and since the material witnesses either lived or worked in that county, venue should be changed. The Supreme Court agreed and directed that the matter be transferred to Westchester County.

We find that the motion for a change of venue was improperly granted and, accordingly, reverse the order of the Supreme Court.

CPLR 510 provides that

"[t]he court, upon motion, may change the place of trial of an action where:

"1. the county designated for that purpose is not a proper county; or * * *

"3. the convenience of material witnesses and the ends of justice will be promoted by the change."

CPLR 511 (a) requires a motion for a change of venue based on an improper designation of county to be served with the answer or before the answer is served. If any other ground is asserted in support of the motion, the motion must be made "within a reasonable time after commencement of the action."

Since the motion for a change of venue based on the allegation that the Bronx was not the proper county to commence the action was made after service of the answer, the CPLR requirements have not been satisfied, and the motion was addressed to the court's discretion (*Gousgounis v Bravor Plumbing Heating Co.*, 155 AD2d 269, 270; *Callanan Indus. v Sovereign Constr. Co.*, 44 AD2d 292, 295).

Plaintiff commenced this action on November 30, 1987. Defendants, however, did not move for a change of venue until almost two years after issue was joined, when discovery had already been completed and the case had been placed on the Trial Calendar. Accordingly, we find that the motion for a change of venue based on the grounds asserted in CPLR 510 (3) was not made within a reasonable time after commencement of the action as required by CPLR 511 (a). (*Rosa v Shavelson*, 149 AD2d 371; *Hillegass v Duffy*, 104 AD2d 969.)

We also note that the Supreme Court exceeded its function in determining that Massafra, rather than Puccia, was the driver of the car involved in the accident and that the Bronx

was, therefore, an improper county to commence this action. The question of who was driving the automobile at the time of the accident is a question of fact to be decided by the jury. Since it has yet to be resolved whether Puccia was a proper party to this action, plaintiff properly commenced this action in Bronx County where Puccia resides (CPLR 510 [1]).

We further find that the Supreme Court abused its discretion in granting defendants' motion for a change of venue pursuant to CPLR 510 (3) since the papers submitted in support of the motion failed to specify how the witnesses would be inconvenienced by retaining venue in the Bronx or the nature of their testimony *(Firoozan v Key Food Supermarket,* 151 AD2d 334; *Alexandre v Pepsi-Cola Bottling Co.,* 150 AD2d 742). While the general rule that a transitory action should be brought where the cause of action arose is of great significance in deciding whether venue should be changed, in the absence of a showing that the requested change would promote the convenience of material witnesses, it was inappropriate to remove the action to the county where it arose *(Firoozan v Key Food Supermarket, supra; Morales v Muccio,* 145 AD2d 340).

In light of the fact that the choice of venue at the time the action was commenced was proper and since no other grounds have sufficiently been alleged in support of defendants' motion, it was error for the court to have granted defendants' motion for a change of venue. *(See, Moghazeh v Valdes-Rodriguez,* 151 AD2d 428.) Concur—Ross, J. P., Rosenberger, Asch and Smith, JJ.