■ ANDREW CRISPO et al., Respondents, v LONG ISLAND LIGHTING COMPANY, Appellant.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered May 3, 1990, which denied defendant's motion to change venue from New York County to Suffolk County, unanimously affirmed, with costs.

Plaintiffs' summer home was destroyed as a result of an explosion which occurred on July 22, 1989. Plaintiffs reside in New York County, while defendant's principal place of business is in Nassau County. Venue was properly placed in New York County where the plaintiffs reside. Defendant moved to change venue to Suffolk County, based upon the convenience of material witnesses pursuant to CPLR 510 (3). Such a motion must be supported by an affidavit that specifies the names and addresses of the witnesses, the essence of their expected testimony and the inconvenience that would be imposed if they were required to testify in the county of original venue *(Coles v LaGuardia Med. Group,* 161 AD2d 166; *Weiss v Saks Fifth Ave.,* 157 AD2d 475; *Rosa v Shavelson,* 149 AD2d 371). Here, both plaintiffs and defendant have submitted the names of numerous prospective witnesses who reside in various locations. Taking into account the fact that numerous witnesses who reside in Suffolk County also have either residences or places of business in Manhattan, and in view of the numerous material witnesses who have no connection with

Suffolk County, it cannot be said that defendant has met its burden of demonstrating that the convenience of material witnesses will be served by a change in venue. Concur—Murphy, P. J., Kupferman, Sullivan, Wallach and Rubin, JJ.