■ STEVEN BLUSTEIN et al., Respondents, v RIBLET TRAMWAY Co., Appellant, et al., Defendants.—Order of the Supreme Court, New York County (Martin Stecher, J.), entered on October 6, 1989, which denied defendant's motion for a change of venue to Ulster County, unanimously reversed, on the law,

the motion granted, and venue transferred to Ulster County, without costs.

When this matter was previously before us on the same issue, we upheld venue in New York County. Now, on the basis of new evidence presented on defendant's motion to renew, we reverse.

This action seeks damages for personal injuries resulting from plaintiffs' falling from a ski lift at Belleayre Mountain in Ulster County. Venue was initially placed in New York County on the basis of defendant's alleged place of business there, and the place of business of two fictitious named defendants included in the caption for jurisdictional purposes. No named defendant has a place of business in New York County. Indeed, defendant-appellant's only place of business in New York State is in Clinton County.

Defendant served a demand for change of venue pursuant to CPLR 510 and 511 on the ground that none of the parties resides in New York County, and that the cause of action arose in Ulster County. Plaintiffs, in derogation of prescribed procedure, then served an amended pleading designating venue in Queens County on the basis of plaintiffs' residence. Defendant moved in New York County to transfer venue to Ulster County and to dismiss the Queens action. Plaintiffs cross-moved to retain venue in New York County, or, alternatively, to transfer venue to Queens. Plaintiffs submitted a supplemental affirmation stating that important eyewitnesses to the accident reside in New York County, and urged the court to consider the convenience of witnesses. Plaintiffs neglected to inform the court of their 1987 move to Tampa, Florida, and that fact was not before this court on the earlier appeal. The motion court upheld venue in New York County.

The record demonstrates that the testimony of the eyewitnesses is limited to the uncontested issue that the chairlift broke, and is cumulative. The witnesses who will testify on the crucial issue, the installation and maintenance of the chairlift, all reside in Ulster County.

Here, plaintiffs forfeited their right to select venue initially, by choosing an improper venue. (See, Kelson v Nedicks Stores, 104 AD2d 315.) The only connection of New York County to this action is that plaintiffs obtained medical treatment here, but have now sought continued treatment in Florida.

For the reasons stated, Ulster County is the proper venue for this transitory action. Concur—Murphy, P. J., Carro, Rosenberger and Smith, JJ.