■ LIZABETH WILKINS, Appellant, v JAMIE COHEN et al., Defendants, and FIRST EARTH RESTAURANT CORP., Respondent. —Order, Supreme Court, New York County (Harold Baer, J.), dated June 12, 1989, which granted defendant First Earth Restaurant Corp.'s motion for a change of venue from New York County to Queens County, unanimously reversed, on the law, the facts, and in the exercise of discretion, and the motion for a change of venue is denied and venue retained in New York County, without costs.

Plaintiff instituted this action to recover damages for personal injuries purportedly sustained as a result of defendants' negligence. Plaintiff brought suit in New York County based on defendant restaurant's certificate of incorporation which listed New York County as the location of its principal office. Defendant restaurant thereafter moved for an order changing venue from New York County to Queens County on the grounds, *inter alia,* that codefendants resided in Queens County, the restaurant where the incident took place was located in that county, plaintiff received medical attention there and because the witnesses likely to testify at trial, including law enforcement officials, resided in Queens County. The Supreme Court granted the motion and plaintiff appealed.

It was an improvident exercise of discretion to grant the motion for a change of venue. CPLR 509 permits a plaintiff to designate the county in which a trial will be held. New York County was a properly designated county since defendant corporation listed New York as the county of its principal place of business on its certificate of incorporation (CPLR 503 [c]; *General Precision v Ametek, Inc.,* 24 AD2d 757).

While in general, a transitory action should be brought where the cause of action arose *(Moghazeh v Valdes-Rodriguez,* 151 AD2d 428; *Morales v Muccio,* 145 AD2d 340; *McGuire v General Elec. Co.,* 117 AD2d 523), it is well settled that a motion for a change of venue under CPLR 510 (3) must be supported by a statement specifying the witnesses involved, the nature of their testimony and how they would be inconvenienced by having to testify in the county originally designated for trial *(Firoozan v Key Food Supermarket,* 151 AD2d 334; *Rosa v Shavelson,* 149 AD2d 371; *Morales v Muccio, supra).* Since defendant failed to set forth the inconvenience to be suffered by the material witnesses in having to testify in New York County, it was inappropriate to remove the action to Queens County *(Moghazeh v Valdes-Rodriguez, supra; Firoozan v Key Food Supermarket, supra; Rosa v Shavelson, supra; Morales v Muccio, supra; cf., Sendrow v Quality Ruskin*

*Fee Corp.,* 139 AD2d 455; *Desio v Arden Realty Corp.,* 135 AD2d 439; *Ford v Servistar Corp.,* 133 AD2d 23). Concur—Rosenberger, J. P., Asch, Kassal, Wallach and Smith, JJ.