■ DAVID BERBERICH et al., Respondents, v YORK SCAFFOLD EQUIPMENT CORPORATION et al., Defendants, and 525 PARK AVENUE ASSOCIATES et al., Appellants and Third-Party Plaintiffs, et al., Third-Party Defendants.—Order, Supreme Court, Bronx County (Anita Florio, J.), entered February 27, 1991, which denied the motion of defendant York Scaffold Equipment Corporation to change venue from Bronx County to Orange County and granted that branch of plaintiffs' cross-motion seeking to change venue to New York County, unanimously affirmed, without costs.

Plaintiff husband, who was injured while working on a construction site in New York City, commenced a personal injury action, on or about March 8, 1990, placing venue in Bronx County on the basis of his residence therein at the time of the accident. The plaintiff wife seeks damages for loss of services. Allegedly unbeknownst to plaintiffs' counsel, plaintiffs moved to Orange County sometime prior to commencement of the action. Defendants, who served their answer on or about April 12, 1990, first learned of plaintiffs' Orange County address when plaintiffs furnished *inter alia* certain medical bills pursuant to defendants' discovery demand. Although residents of Queens and New York Counties, defendants, by demand dated September 24, 1990 and motion dated October 5, 1990, sought a change of venue from Bronx County to Orange County as of right. Plaintiffs cross-moved, seeking retention of venue in Bronx County or, alternatively, for a change of venue to New York County.

Pursuant to CPLR 503 (a), the place of trial shall be in the county in which one of the parties resided when it was commenced. It is undisputed that Bronx County is not a proper county since none of the parties resided therein at the commencement of the action. Having chosen an improper venue, plaintiffs forfeit the right to select venue initially

*(Blustein v Riblet Tramway Co.,* 169 AD2d 383), but are not precluded from making an application to change venue addressed to the court's discretion *(Burch v Phillips,* 88 AD2d 896).

Defendants' further claim that their demand to change venue as of right was not untimely is without merit in light of their failure to serve the demand with or before service of their answer (CPLR 511 [a]; *see, Gousgounis v Bravor Plumbing Heating Co.,* 155 AD2d 269-270, *rearg granted* 157 AD2d 550). There is a lack of proof in the record supporting defendants' claim that plaintiffs were chargeable with willful omissions or misleading statements as to their actual residence and, as such, defendants were properly barred from seeking a change of venue as of right *(cf., Philogene v Fuller Auto Leasing,* 167 AD2d 178, 179).

Under the circumstances, the IAS court properly treated the motion and cross-motion as addressed to the discretion of the court pursuant to CPLR 510 *(Gousgounis v Bravor Plumbing Heating Co., supra),* and properly found that other things being equal, venue of this transitory action belonged in New York County where the cause of action arose, especially since three of the defendants maintain their principal place of business there, all the attorneys have their offices there and where, in neighboring Bronx County, plaintiff's treating physicians have their offices and the lone known eyewitness resides *(see generally, Burch v Phillips, supra).* Concur—Murphy, P. J., Rosenberger, Ellerin and Asch, JJ.