■ JENNIE ROMAN, Respondent, v JOHN R. BRERETON, Appellant.—Order of the Supreme Court, Bronx County (Alan Saks, J.), entered April 5, 1991, which denied defendant's motion for change of venue to Chenango County, and granted plaintiff's cross-motion insofar as it sought to retain venue in Bronx County and denied so much thereof as sought to recover counsel fees and expenses of the motion, unanimously modified, on the law, to the extent of vacating the order placing venue in Bronx County and remanding the matter to Supreme Court for a hearing as to whether plaintiff was a resident of Bronx County on the date the action was brought and, except as so modified, affirmed, without costs.

Plaintiff was injured in an automobile accident in the City of Norwich, Chenango County, New York in December, 1986. She commenced this action by service of a summons and

complaint dated August 31, 1989, placing venue in Bronx County on the basis of her alleged residence. Defendant moved, pursuant to CPLR 510 (1) and (3) to change venue to Chenango County. The affidavit in support of defendant's motion notes that, at her examination before trial, plaintiff testified that she had not lived full-time in Bronx County since February 1989. Attached to defendant's moving papers is a copy of her signed transcript dated September 20, 1990, notarized in Chenango County, and her attorney's cover letter dated October 4, 1990. Supreme Court denied the motion for change of venue based on considerations of the convenience of material witnesses, stating, "The Court need not at this juncture determine whether or not plaintiff was a Bronx resident at the time the action was commenced."

As we noted in *Kelson v Nedicks Stores* (104 AD2d 315, 316), "It is settled that a plaintiff will forfeit the right to select the place of venue by choosing an improper venue in the first instance (see Siegel, NY Prac, § 123; 2 Weinstein-Korn-Miller, NY Civ Prac, par 511.04; *Papadakis v Command Bus Co.*, 91 AD2d 657)." While a defendant who seeks a change of venue based upon an improper designation by a plaintiff must normally comply with the procedure of CPLR 511 and the time limits set forth therein, "[n]oncompliance with the statutory time requirements should not act as a bar where, as here, a plaintiff's willful omissions and misleading statements regarding his residence are the cause of such noncompliance and the defendant moves promptly after ascertaining the true state of affairs" *(Philogene v Fuller Auto Leasing,* 167 AD2d 178, 179).

We note that plaintiff appears to have resided in Bronx County at the time of the accident, as reflected in the police report, emergency room records and estimates of the damage to her automobile. For the purpose of deciding whether or not her placement of venue in Bronx County was proper, however, the controlling date is the date of commencement of the action (CPLR 503 [a]), and Supreme Court erred in failing to determine whether plaintiff maintained a residence there also at that time. Concur—Carro, J. P., Rosenberger, Ellerin, Kassal and Rubin, JJ.