■ IVAN SIMPSON, Appellant-Respondent, v SEARS, ROEBUCK AND CO., Respondent-Appellant. [622 NYS2d 956] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered August 8, 1994, which granted defendant's motion to change venue to Westchester County to the extent of transferring this action to New York County, and denied plaintiff's cross motion to retain venue in Bronx County, unanimously modified, on the law, to the extent of granting defendant's motion in its entirety and transferring this action to Westchester County, and otherwise affirmed, without costs.

Although the underlying incident arose in defendant's Bronx County store, as neither party resided in Bronx County at the time this action was commenced (CPLR 503 [a], [c]), venue was not properly placed there. Plaintiff's contention that Bronx County was a proper venue because a transitory action should be brought where the cause of action arose is without merit, that rule being predicated on the venue al-

ready being properly placed *(Morales v Muccio,* 145 AD2d 340), and its application to the instant situation is excluded by the statute itself, CPLR 503, which, in subdivision (c) authorizes venue where the cause of action arose only if a party is a railroad or other common carrier. Accordingly, plaintiff forfeited his right to choose the venue when he selected an improper venue *(Roman v Brereton,* 182 AD2d 556, 557).

Since defendant fully complied with the procedure in CPLR 511 (b) for changing venue by serving a written demand before answering and thereafter moving within 15 days after service of the demand *(Kelson v Nedicks Stores,* 104 AD2d 315), and since plaintiff's cross motion to retain venue in Bronx County was based solely on the meritless situs argument rejected above, we find that the court exceeded its authority by transferring this action to New York County upon its own initiative *(supra);* the court is only authorized to change venue *upon motion* (CPLR 510 [1]), and neither party moved for a transfer to New York County. Accordingly, under the circumstances present here, we find Westchester County to be a proper venue and modify accordingly. Concur—Kupferman, J. P., Ross, Asch, Nardelli and Mazzarelli, JJ.