■ TARA LYNCH, Respondent, v CYPRUS SASH & DOOR CO., INC., Appellant, et al., Defendant. [708 NYS2d 94] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about October 4, 1999, which denied the motion of defendant Cyprus Sash & Door Co., Inc. (hereinafter Cyprus) to transfer the venue of this action from New York County to Westchester County, unanimously reversed, on the law, with costs, and the motion granted.

Plaintiff commenced this action against the named defendants in New York County. She seeks to recover for personal injuries she allegedly sustained on November 6, 1998 while she was on the sidewalk of West 50th Street in Manhattan. A truck, owned and operated by defendants, struck a barrier, which barrier then made contact with plaintiff, allegedly causing her physical injury. Plaintiff resides in Westchester County. Defendant, Cyprus, has its principal place of business in Queens County.

Along with its answer, Cyprus served a demand to transfer venue to Westchester County pursuant to CPLR 511 (a) and (b), on the ground that plaintiff's choice of venue was improper. Thereafter, Cyprus brought a motion for change of venue. The IAS Court denied the motion without explanation.

The motion court improperly denied defendant's motion for change of venue. If a plaintiff selects an improper venue, and this selection is challenged by the defendant, the plaintiff then forfeits the right to select venue. Moreover, a plaintiff's failure to serve an affidavit in response to the defendant's demand, either showing that the county designated by the defendant is improper, or that the county the plaintiff designates is proper, supports a transfer of venue to the county demanded by the defendant (*Kelson v Nedicks Stores*, 104 AD2d 315, 316). Once Cyprus followed the procedure set forth in CPLR 511, and established that the county chosen by plaintiff was improper, venue should have been transferred to Westchester County, particularly since plaintiff failed to cross-move for retention of venue in New York County, or for transfer of venue to an alternate county (*Kelson v Nedicks Stores, supra,* at 316). Furthermore, plaintiff failed to demonstrate that the convenience of material witnesses would best be served by retaining venue in New York County (*see, Cardona v Aggressive Heating*, 180 AD2d 572). While two medical witnesses were named, plaintiff failed to set forth the probable nature of their testimony, or whether they were prepared to testify and in what other manner, if any, Westchester County would be an inconvenient forum. Concur—Sullivan, P. J., Nardelli, Tom, Wallach and Lerner, JJ.