■ Louis Leopold, Appellant, v Ruth Goldstein, Also Known as Ruth Leopold, Respondent. [726 NYS2d 15] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered January 18, 2001, which granted defendant's motion for a change of venue of this action from New York County to Suffolk County pursuant to CPLR 510 and 511, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion denied.

This action for an accounting, replevin and conversion was commenced in New York County by plaintiff's attorney-in-fact, Howard Gross. The complaint alleges that defendant, plaintiff's former wife, is in possession of his personal belongings and financial records, which she acquired subsequent to the divorce. Plaintiff, who is both mentally and physically incapacitated, is a full-time resident of the Dewitt Rehabilitation and Nursing Center in Manhattan, to which he moved one month prior to commencement of this action. According to defendant's brief, he was previously a resident of the Gerwin Jewish Geriatric Center in Suffolk County. Plaintiff's attorney-in-fact is a member of Weinberg, Kaley, Gross & Pergament, a Nassau County law firm.

Defendant, a resident of Suffolk County, served a timely demand for a change of venue with her answer on October 25, 2000, serving notice of the subject motion 19 days later. Defendant's affidavit in support of the motion states that for the last 50 years she has been a continuous resident of Suffolk County, where the divorce action was filed and the subject property is located. She notes that plaintiff is too incapacitated to ever appear in court or assist in the litigation and that his attorneys are situated in the contiguous County of Nassau.

Supreme Court improvidently exercised its discretion in granting the motion. Venue was properly placed in New York County, where plaintiff resided at the time the action was com-

menced (CPLR 503 [a]; *Roman v Brereton*, 182 AD2d 556, 557), and the improper placement of venue is not implicated (CPLR 511 [a]; *see, Peretzman v Elias*, 221 AD2d 192). Thus, it was incumbent upon movant to demonstrate that "the convenience of material witnesses and the ends of justice will be promoted by the change" (CPLR 510 [3]). "[A] motion pursuant to CPLR 510 (3) is addressed to the sound discretion of the court," and defendant's submissions must be "legally [s]ufficient to support an exercise of that discretion" (*Pittman v Maher*, 202 AD2d 172, 176, citing *Weisemann v Davison*, 162 AD2d 448).

In granting the change of venue on the ground that the original divorce was granted in Suffolk County, Supreme Court seems to have regarded the matter as a transitory action. However, the misappropriation of property in this case is expressly stated to have occurred after the divorce proceedings were concluded. In any event, the rule that places venue in the county in which the cause of action arose is designed to promote the convenience of witnesses at trial (*Iassinski v Vassiliev*, 220 AD2d 372, 372-373). Therefore, the proponent of a change in venue in a transitory action must comply with CPLR 510 (3) and is required to provide: "(1) the identity of the proposed witnesses, (2) the manner in which they will be inconvenienced by a trial in the county in which the action was commenced, (3) that the witnesses have been contacted and are available and willing to testify for the movant, (4) the nature of the anticipated testimony, and (5) the manner in which the anticipated testimony is material to the issues raised in the case" (*id.* at 373, quoting *Cardona v Aggressive Heating*, 180 AD2d 572). As defendant concedes, the moving papers "do not establish the existence of a preponderance of non-party witnesses in Suffolk County" and, in fact, do not identify any non-party material witnesses whose convenience would be served by a change of venue from New York County to Suffolk County. Concur—Williams, J. P., Tom, Mazzarelli, Lerner and Rubin, JJ.