■ LAURIE ALVAREZ, Respondent, v METROPOLITAN TRANSPORTATION COMPANY, Defendant, and LIBERTY LINES TRANSIT, INC., et al., Appellants. [934 NYS2d 104]—

CPLR 504 (1) would ordinarily place venue in Westchester County (*see Powers v East Hudson Parkway Auth.*, 75 AD2d 776 [1980]; *see also Chitayat v Princeton Restoration Corp.*, 289 AD2d 102 [2001]). However, when plaintiff named the Metropolitan Transportation Company as a defendant, a conflict arose between CPLR 504 (1) and 505 (a). Thus, the court had the discretion to choose a venue proper for at least one of the par-

ties or claims (CPLR 502). The court did not abuse its discretion when it left venue in Bronx County, where the motor vehicle accident occurred and where defendant bus driver resides. We note that should the record develop sufficiently to establish that the Metropolitan Transportation Company was improperly named as a defendant, the remaining defendants may still move under CPLR 504 (1) for a change of venue. Concur—Gonzalez, P.J., Tom, Catterson, Richter and Román, JJ.