# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**189**

**CA 12-01652**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF MICHAEL J. MIMASSI,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

TOWN OF WHITESTOWN ZONING BOARD OF APPEALS,
RESPONDENT-RESPONDENT.
(APPEAL NO. 1.)

---

DOUGLAS H. ZAMELIS, MANLIUS, FOR PETITIONER-APPELLANT.

WILLIAM P. SCHMITT, TOWN ATTORNEY, UTICA, FOR RESPONDENT-RESPONDENT.

-------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered May 7, 2012 in a proceeding pursuant to CPLR article 78. The order, sua sponte, transferred venue of the proceeding from Onondaga County to Oneida County.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul two determinations of respondent made in connection with petitioner's application for an area variance from a provision of the Town of Whitestown's Zoning Ordinance. The proceeding was commenced in Supreme Court, Onondaga County, and by the order in appeal No. 1 that court, sua sponte, transferred the proceeding to Supreme Court, Oneida County, pursuant to CPLR 507. We agree with petitioner that the court erred in transferring the proceeding sua sponte. CPLR 509 provides that the place of trial may be changed to another county "by order upon motion, or by consent." CPLR 510 provides the grounds for the change of the place of trial, upon a motion. A court "is authorized to change venue only upon motion and may not do so upon its own initiative" (*Kelson v Nedicks Stores*, 104 AD2d 315, 316). Additionally, a CPLR article 78 proceeding seeking to annul a determination denying a request for an area variance does not affect the title to, or the possession, use or enjoyment of, real property, and thus the court erred in relying on CPLR 507 in transferring the proceeding. In view of our determination, we vacate the judgment in appeal No. 2 dismissing the petition, and we do not address the issues raised in appeal No. 2.

Entered:  March 22, 2013                          Frances E. Cafarell
                                                  Clerk of the Court