Richardson v City of New York (2020 NY Slip Op 03281)





Richardson v City of New York


2020 NY Slip Op 03281


Decided on June 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2020

Richter, J.P., Manzanet-Daniels, Kapnick, Kern, Oing, JJ.


11638N 29924/18E

[*1] Leroy Richardson, et al., Plaintiffs-Respondents,
v
The City of New York, et al., Defendants, Metropolitan Transportation Authority, et al., Defendants-Appellants.


Krez & Flores, LLP, New York (N. Jeffrey Brown of counsel), for appellants.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered February 11, 2019, which, to the extent appealed from, denied defendants Metropolitan Transportation Authority and Triborough Bridge and Tunnel Authority's (Transit Authorities) motion for a change of venue from Bronx County to New York County, unanimously reversed, on the law, without costs, and the motion granted.
After plaintiffs commenced this action in Bronx County, the Transit Authorities timely served a demand for a change of venue as of right to New York County, where one of them has its principal office (see CPLR 505[a]; 511). Plaintiffs did not respond to the demand, and the Transit Authorities timely moved to change venue (see CPLR 510[1]; 511[b]). In opposition to the motion, plaintiffs did not dispute that their choice of venue was improper, but requested that venue be placed in Kings County, where the accident occurred. No other defendant timely appeared in opposition to the motion, although the City defendants submitted a belated affirmation asserting that venue should be placed in Kings County under CPLR 504(3).
By failing to respond to the Transit Authorities' demand to change venue to a proper forum, plaintiffs forfeited their right to select venue (Lynch v Cyprus Sash & Door Co., 272 AD2d 260 [1st Dept 2000]). Further, no party moved to transfer venue to an alternate county (see Kelson v Nedicks Stores, 104 AD2d 315 [1st Dept 1984]; Fisher v Finnegan-Curtis, 8 AD3d 527 [2d Dept 2004]). Thus, once the Transit Authorities had followed the procedure set forth in CPLR 511 and established that the county chosen by plaintiffs was improper, their motion to change venue to New York County as of right should have been granted (Lynch, 272 AD2d at 261; Simpson v Sears, Roebuck & Co., 212 AD2d 473 [1st Dept 1995]).
The cases relied on by the motion court, which involve the application of CPLR 502, are distinguishable. In Alvarez v Metropolitan Transp. Co. (89 AD3d 558 [1st Dept 2011]), the court properly exercised its discretion to retain venue in the county properly chosen by the plaintiff, and in Carey v Empire Paratransit Corp. (85 AD3d 520 [1st Dept 2011], lv dismissed 18 NY3d 900 [2012]), the moving party raised the issue of conflicting venue provisions. Here, [*2]as indicated, plaintiffs forfeited their right to choose venue, and the City defendants did not move to change venue, and did not even timely raise the issue of conflicting venue provisions in opposition to the Transit Authorities' motion.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2020
CLERK