| |
|---|
| **Sanders v Abramovitz** |
| 2024 NY Slip Op 30564(U) |
| February 22, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 154199/2023 |
| Judge: Lisa S. Headley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    <u>HON. LISA S. HEADLEY</u>

*Justice*

PART    **28M**

-------------------------------------------------------------------------X

SHARI SANDERS,

Plaintiff,

- v -

PHILLIP ABRAMOVITZ, ROBIN ABRAMOVITZ, ROBIN J. ABRAMOVITZ, ESTATE OF CHARLES K. ABRAMOVITZ, TRUST OF CHARLES K. ABRAMOVITZ, LIVING WILL AND TRUST OF CHARLES K. ABRAMOVITZ

Defendant.

-------------------------------------------------------------------------X

INDEX NO.    <u>154199/2023</u>

MOTION DATE    <u>12/12/2023</u>

MOTION SEQ. NO.    <u>001</u>

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9, 10, 11, 12, 13, 14, 20, 21, 22, 23, 24, 25

were read on this motion to/for            <u>CHANGE VENUE</u>            .

## Background

In this personal injury action, defendants, Philip Abramovitz (individually, and as Trustee of the living will and trust of Charles K. Abramovitz), Robin Abramovitz (individually, and as Trustee of the living will and trust of Charles K. Abramovitz), the Estate of Charles K. Abramovitz, Trust of Charles K. Abramovitz, and Living Will and Trust of Charles K. Abramovitz (collectively referred to as "Defendants"), move to change venue from New York County to Suffolk County, pursuant to *CPLR §§ 510 and 511*.

On August 8, 2023, the defendants filed a demand for change of place of trial. (*NYSCEF Doc. No. 5*). Plaintiff filed a Notice of Rejection on August 18, 2023. (*NYSCEF Doc No 15*). Defendants then filed the instant motion to change venue. Plaintiff filed opposition to the motion, defendants filed a reply; and with the Court's permission, the plaintiff filed a sur-reply. After oral argument, and a review of the parties' papers and the relevant statutes and case law, the motion is decided accordingly.

According to the complaint, Plaintiff, Shari Sanders ("plaintiff"), who is a resident of Suffolk county, alleges that on May 21, 2022, while she was visiting with defendant, Philip Abramovitz, at his home located at 29 Canoe Road, Hampton Bays, New York ("subject property"), she fell down the stairs and suffered personal injuries. Plaintiff commenced this action for negligence against the defendants for their alleged failure to upkeep the subject property, which caused her to suffer injuries. (*NYSCEF Doc No 1*). Plaintiff alleges that the individual defendants, Philip Abramovitz and Robin Abramovitz, are proper parties because they are the trustees of the living will and trust of Charles K. Abramovitz, which owns the subject property where the incident occurred.

## Defendants' Motion to Change Venue

In support of the motion to change venue, the defendants submit, *inter alia*, the attorney affirmation of Aviva Stein (*NYSCEF Doc. No. 10*), the pleadings (*NYSCEF Doc. No. 11 & 12*),

**154199/2023   SANDERS, SHARI vs. ABRAMOVITZ, PHILLIP ET AL**
Motion No.  001

**Page 1 of 4**

1 of 4

and the demand to change venue (*NYSCEF Doc. No. 13*), and the Notice of Rejection (*NYSCEF Doc. No. 15*).

In the motion, the defendants argue, *inter alia*, that plaintiff's failure to timely respond to the Defendants' demand for change of place of trial, pursuant to *CPLR §511*, constitutes an acknowledgement by the plaintiff that the venue is improper. Defendants argue that plaintiff's selection of New York County as the venue was only based on the residence of Defendant Robin Abramovitz, who is a trustee of the subject premises located in Suffolk County. In addition, defendants argue that venue in New York is improper because there is no substantial nexus between New York County, the underlying claim, and the parties in the case. Defendants argue that it is well-settled that the venue of an action should generally be held in the county in which the cause of action arose. *See, CPLR § 503(a)*. Therefore, the proper venue in this action is Suffolk County.

**Plaintiff's Opposition to Defendant's Motion to Change Venue**

In opposition, plaintiff submits the attorney affirmation of Melissa Lenowitz (*NYSCEF Doc. No. 17*), the Notice of Rejection (*NYSCEF Doc. No. 18*), and the Insurance Disclosure for the defendants. (*See, NYSCEF Doc. No. 19*).

Plaintiff argues that the demand procedure set forth in *CPLR § 511(b)* does not require that the plaintiff submit any affidavit, rather the provision sets forth conditions precedent to defendant's entitlement to file a motion for change of venue. Plaintiff argues that the 5-day deadline after service of the demand to serve an "affidavit showing either that the county specified by the defendant is not proper or that the county designated by him is proper" is simply a method offered by statute to resolve a dispute over venue without motion practice. For instance, if the parties agree that a change of venue is appropriate, they may do so either with the plaintiff consenting to the defendant's demand for change of venue; or filing an affidavit showing that the chosen venue is proper.

Plaintiff also argues New York County is a proper venue because there is no dispute that defendant Robin Abramovitz is domiciled in this county. Plaintiff submits the insurance policy declaration for the subject property, showing that her address is listed as "400 East 84th St, Apt. 17A, New York, N.Y. 10028." Plaintiff asserts that defendants' arguments are red herrings because *CPLR §503* establishes that neither the location of the incident nor the residence of the plaintiff alone is determinative of proper venue, as long as at least one defendant resides in New York County, plaintiff's choice of venue in New York County is proper under *CPLR §503*.

In addition, plaintiff argues that defendants' have not met their evidentiary burden in demonstrating that Suffolk County is the proper venue for this action. Plaintiff asserts that the only evidence offered by the defendants to support the argument that Robin Abramovitz is an improper party is through their attorney's affirmation, which lacks personal knowledge of the facts asserted, and does not cite to any legal authority.

**Defendants' Reply in Support of Motion to Change Venue**

In reply, defendants further argue, *inter alia*, that they would be prejudiced by litigating the claims "before a court and jury unacquainted with Suffolk County solely because one uninvolved trustee has a Manhattan street address." Defendants also reiterate that the plaintiff, and defendant Philip Abramovitz are residents of Suffolk County, and the residence where the accident occurred is in Suffolk County. Defendants argue that there would be no prejudice to plaintiff should this matter be moved to the most appropriate venue because she received medical treatment for her alleged injuries, as well as the medical experts for trial are all located in Suffolk County. Defendants also argue and submit case law to support the notion that when the plaintiff failed to

**154199/2023  SANDERS, SHARI vs. ABRAMOVITZ, PHILLIP ET AL**  **Page 2 of 4**
**Motion No.  001**

2 of 4

provide an affidavit establishing New York County as the proper venue for the matter within the timelines prescribed by statute, plaintiff forfeited her right to choose the venue. *See,* *Simon v. Usher*, 93 A.D.3d 401(1st Dep't 2012).

**Plaintiff's Sur-Reply**

The Court permitted the plaintiff to submit a Sur-Reply. The plaintiff further argued, *inter alia*, that under *CPLR §503*, a plaintiff may designate a venue of their choosing as long as "the county in which one of the parties resided when it [the claim] was commenced." (*NYSCEF Doc. No. 23*). Plaintiff also contends that the decedent, Charles K. Abramovitz was a resident of New York County, and he created his trust and estate in New York County. Plaintiff claims that the Last Will and Testament of Charles K. Abramovitz, created the Trust of Charles K. Abramovitz, and the Estate of Charles K. Abramovitz, and designates "that the joinder and representation provisions of the New York Surrogate's Court Procedure Act § 315(5), or any successor provision thereto, shall apply in any judicial proceeding." (*NYSCEF Doc. No. 24 at page 23*). Based on this provision, the plaintiff argues that "it is clear that defendants chose New York County as the forum for legal action wherein the Trust, the Estate and/or fiduciaries are involved."

## DISCUSSION

*CPLR §503* states:

"[e]xcept where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when it was commenced; the county in which a substantial part of the events or omissions giving rise to the claim occurred; or, if none of the parties then resided in the state, in any county designated by the plaintiff. A party resident in more than one county shall be deemed a resident of each such county." *CPLR §503(a).*

*CPLR §510* states:

"[t]he court, upon motion, may change the place of trial of an action where:
1. the county designated for that purpose is not a proper county; or
2. there is reason to believe that an impartial trial cannot be had in the proper county; or
3. the convenience of material witnesses and the ends of justice will be promoted by the change. *CPLR §510.*

*CPLR § 511(a)* states:

"[a] demand under subdivision (b) for change of place of trial on the ground that the county designated for that purpose is not a proper county shall be served with the answer or before the answer is served. A motion for change of place of trial on any other ground shall be made within a reasonable time after commencement of the action." *CPLR §511(a).*

*CPLR § 511(b)* states:

"[t]he defendant shall serve a written demand that the action be tried in a county he specifies as proper. Thereafter the defendant may move to change the place of trial within fifteen days after service of the demand, unless within five days after such service plaintiff serves a written consent to change the place of trial to that specified by the defendant. Defendant may notice such motion to be heard

**154199/2023   SANDERS, SHARI vs. ABRAMOVITZ, PHILLIP ET AL**                                   **Page 3 of 4**
**Motion No.  001**

3 of 4

[* 3]

as if the action were pending in the county he specified, unless plaintiff within five days after service of the demand serves an affidavit showing either that the county specified by the defendant is not proper or that the county designated by him is proper." *CPLR § 511(b).*

Here, Plaintiff is a resident of Suffolk County. Defendant Philip Abramovitz is a resident of Suffolk County. Defendant Robin Abramovitz is a resident of New York County. Defendant, the Estate of Charles K. Abramovitz and the Living Will and Trust of Charles K. Abramovitz are "domiciled" in New York based on the Last Will and Testament of Charles K. Abramovitz that was executed in New York county, and chose New York county as the forum for legal action.

Upon reading the provision, *CPLR §511(b),* the Court finds that a plaintiff's failure to serve the affidavit showing, either that the county specified by the defendant is not proper or that the county designated by plaintiff is proper, will not preclude plaintiff from opposing the merits of defendant's motion, regardless of where the motion is made. The service or non-service of the affidavit affects only the range of defendant's choices of location for making the motion. The plaintiff's failure to serve the affidavit may support a transfer of venue to the county demanded by the defendant if the defendant **"established that the county chosen by plaintiff was improper."** *Lynch v. Cyprus Sash & Door Co.,* 2000, 272 A.D.2d 260, 261(1st Dep't 2000). (Emphasis added). That is not the case here because the venue designated by plaintiff is indeed proper, under *CPLR §503(a),* since at least one of the parties, Robin Abramovitz, is domiciled in New York County.

The Defendants' argument that the place of trial shall be changed based on the convenience of witnesses fails because the defendant does not specify: (1) the identity of the proposed witnesses; (2) the manner in which they will be inconvenienced by a trial in the county in which the action was commenced; (3) that the witnesses have been contacted and are available and willing to testify for the movant; (4) the nature of the anticipated testimony; and (5) the manner in which the anticipated testimony is material to the issues raised in the case. *See, Leopold v. Goldstein,* 283 A.D.2d 319, 320 (2001). Therefore, the defendants' motion to change venue must be denied.

Accordingly, it is hereby

**ORDERED** that defendants' motion to change the venue of the instant action from New York County to Suffolk County is DENIED, and it is further

**ORDERED** that the parties shall proceed with discovery in a good faith and an expeditious manner; and it is further

**ORDERED** that any requested relief sought not expressly addressed herein has nonetheless been considered.

This constitutes the Decision an Order of this Court.

| **2/22/2024** | |
| --- | --- |
| **DATE** | **LISA S. HEADLEY, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
| --- | --- | --- |
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE |

**154199/2023   SANDERS, SHARI vs. ABRAMOVITZ, PHILLIP ET AL**
**Motion No.  001**

Page 4 of 4

4 of 4

[* 4]