**K's World Inc v Plug Nation Media, LLC**

2024 NY Slip Op 33035(U)

August 28, 2024

Supreme Court, New York County

Docket Number: Index No. 151633/2024

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**     PART     **33M**

*Justice*

-------------------------------------------------------------------X

K'S WORLD INC,

                       Plaintiff,

- v -

PLUG NATION MEDIA, LLC,KYLE HENRY RICHARDSON
A.K.A KYLE RICH, ZAIRE TASEAN RIVERA A.K.A TATA,
JENNIFER AKPOFURE A.K.A JENN CARTER, REPUBLIC
RECORDS, RITEORWRONG KVH ENTERTAINMENT
LLC,WESTCHESTER COUNTY CENTER, BARCLAYS
CENTER

                       Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151633/2024 |
| MOTION DATE | 09/01/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43

were read on this motion to/for                      **TRANSFER**            .

Upon the foregoing documents, Defendant Westchester County's ("Westchester") motion to change venue is granted.

## I.    Background

Plaintiff K's World Inc. ("Plaintiff") initiated this action by filing a summons (but not a complaint) on February 22, 2024, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, tortious interference with contractual relations, and lost profits (*see generally* NYSCEF Doc. 1). Plaintiff alleged venue is appropriate because Defendants have their principal place of business in New York County.

Defendant Westchester now moves to change venue. Westchester argues that pursuant to CPLR 504(1), civil actions commenced against a county must be venued in that county. Westchester sent a demand to change venue on June 7, 2024. That demand has been ignored, hence the instant motion. Westchester argues that as it is a County Defendant, CPLR 504 mandates

**151633/2024  K'S WORLD INC vs. PLUG NATION MEDIA, LLC ET AL**
**Motion No. 002**

Page 1 of 4

transfer. Plaintiff opposes and argues that New York County is a more convenient forum because that is where several defendants conduct substantial business activities, and it is where many crucial witnesses are located. Plaintiff does not identify the crucial witnesses it alludes to in its opposition.

In reply, Westchester argues that Plaintiff's arguments about convenience are immaterial considering they have decided to sue a county defendant in the wrong venue. Westchester argues that in any event, Plaintiff has failed to identify any compelling circumstances which would preclude the transfer of the instant action to Westchester County.

## II.      Discussion

CPLR § 504 provides that "the place of trial of all actions against counties…. shall be, for: a county, in such county." By failing to respond to Westchester's demand to change venue to a proper forum, Plaintiff forfeited its right to select venue (*Richardson v City of New York*, 184 AD3d 453 [1st Dept 2020] citing *Lynch v Cyprus Sash & Door Co.*, 272 AD2d 260 [1st Dept 2000]).

CPLR § 504 is couched in mandatory terms, and absent compelling countervailing circumstances, Courts are directed to comply with its mandates (*Rogers v U-Haul Co.*, 161 AD2d 214 [1st Dept 1990]). Plaintiff has not shown any compelling countervailing circumstances. It only alludes to, in conclusory terms, certain key witnesses who will be inconvenienced if venue is transferred to Westchester County. However, Plaintiff does not identify these witnesses nor provide how they would be inconvenienced. Plaintiff also incorrectly states Barclays Center (whose proper name is Brooklyn Arena Local Development Corporation) is a municipal defendant when it is actually a not-for-profit corporation which Plaintiff served via the Secretary of State. In fact, there is not even a Complaint from which this Court may assess the allegations of this action,

**151633/2024  K'S WORLD INC vs. PLUG NATION MEDIA, LLC ET AL**
**Motion No.  002**

**Page 2 of 4**

[* 2]

2 of 4

including where the wrongful acts and damages occurred – nor has Plaintiff provided any affidavit from someone with personal knowledge of the facts underlying this suit to provide further clarification of the facts underlying this action.

Simply put, based on the record before the Court, Plaintiff has failed to provide any compelling and countervailing circumstances which would warrant denying Westchester's demand for a change of venue pursuant to CPLR § 504. Therefore, Westchester's motion is granted.

Accordingly, it is hereby,

ORDERED that the motion for a change of venue is granted and venue of this action is changed from this Court to the Supreme Court, County of Westchester, and it is further

ORDERED that the Clerk of this Court shall transfer the file in this action to the Clerk of the Supreme Court, County of Westchester and shall mark his/her records to reflect such transfer; and it is further

ORDERED that, within 30 days from entry of this order, counsel for movant shall serve a copy of this order with notice of entry upon the Clerk of this Court, shall pay the appropriate transfer fee, if any, and shall contact the staff of the Clerk of this Court and cooperate in effectuating the transfer; and it is further

ORDERED that the Clerk of the Court shall coordinate the transfer of the file in this action with the Clerk of the Supreme Court, Westchester County, so as to ensure an efficient transfer and minimize insofar as practical the reproduction of documents, including with regard to any documents that may be in digital format; and it is further

ORDERED that such service upon the Clerk of this Court shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for*

**151633/2024   K'S WORLD INC vs. PLUG NATION MEDIA, LLC ET AL**
**Motion No.  002**

**Page 3 of 4**

*Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

ORDERED that within ten days of entry, counsel for Defendant Westchester shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 8/28/2024 | | | | *Mary V Rosado JSC* | | | |
|---|---|---|---|---|---|---|---|
| **DATE** | | | | **HON. MARY V. ROSADO, J.S.C.** | | | |
| **CHECK ONE:** | **x** | CASE DISPOSED | | ☐ | NON-FINAL DISPOSITION | | |
| | **x** | GRANTED | ☐ DENIED | ☐ | GRANTED IN PART | ☐ | OTHER |
| **APPLICATION:** | ☐ | SETTLE ORDER | | ☐ | SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ | FIDUCIARY APPOINTMENT | ☐ | REFERENCE |

**151633/2024   K'S WORLD INC vs. PLUG NATION MEDIA, LLC ET AL**
Motion No.  002

**Page 4 of 4**

4 of 4