Castellanos v City of New York (2025 NY Slip Op 02151)

Castellanos v City of New York

2025 NY Slip Op 02151

Decided on April 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 15, 2025

Before: Kern, J.P., Gesmer, Mendez, O'Neill Levy, Michael, JJ. 

Index No. 817073/23|Appeal No. 4125|Case No. 2024-05120|

[*1]Virginio Castellanos, Respondent,
v
City of New York et al., Appellants.

Cerussi & Spring P.C., White Plains (Jennifer R. Freedman of counsel), for appellants.
Gorayeb & Associates, P.C., New York (Martin J. Moskowitz of counsel), for respondent.

Order, Supreme Court, Bronx County (Myrna Socorro, J.), entered on or about July 8, 2024, which denied defendants' motion to change venue to Queens County, unanimously reversed, on the law, without costs, and the motion granted.
After plaintiff commenced this action in Bronx County defendants timely served a demand for a change of venue to Queens County, where defendant New York City School Construction Authority has its principal office (see CPLR 505[a], 511). When plaintiff did not respond to the demand, defendants moved to change venue under CPLR 510(1). In opposition to the motion, plaintiff did not dispute that his choice of venue was improper, nor did he dispute that Queens County was the proper venue. Instead, he requested under CPLR 504(3) that venue be changed to Kings County where the accident occurred. Plaintiff did not file a cross-motion to change venue to an alternate county.
Supreme Court improperly exercised its discretion when it denied defendants' motion and found that Kings County was the proper venue for the action. Once defendants, including the City of New York, followed the procedures set forth in CPLR 511 and established that plaintiff's initial choice of venue was improper under CPLR 505(a), their motion to change venue to Queens County should have been granted in its entirety as of right(see Richardson v City of New York, 184 AD3d 453, 454 [1st Dept 2020]). Plaintiff forfeited his right to select venue when he failed to respond to defendants' demand to change venue to the proper forum (see id.; see also Lynch v Cyprus Sash & Door Co., 272 AD2d 260, 261 [1st Dept 2000]; Kelson v Nedicks Stores, 104 AD2d 315, 316 [1st Dept 1994]; CPLR 510[1]). Furthermore, no party moved to transfer venue to an alternate county (see Richardson,184 AD3d at 454; Lynch, 272 AD2d at 261; Kelson, 104 AD2d at 316).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 15, 2025