CARVEL COURT REALTY COMPANY, INC., Respondent, *v.* SIGMUND JONAS, Appellant.

Third Department, March 2, 1921.

Trial — motion to change venue in action brought by corporation in county to which it has removed its office in accordance with Stock Corporation Law, section 13, denied — where stock corporation deemed to have residence — affidavits on alleged convenience of witnesses on motion to change venue insufficient — trial preferred in rural counties rather than in New York city.

A motion for a change of venue will not be granted in an action by a domestic corporation, where the action is brought in the county to which it has removed its principal place of business under section 13 of the Stock Corporation Law.

A domestic corporation is deemed to have its residence in the county in which it has its principal office.

Affidavits in support of alleged convenience of witnesses on a motion for a change of venue not showing that the many alleged witnesses know anything about the matter in suit, or that they are material witnesses in reference to any fact in issue in the particular case, are insufficient to warrant the granting of the motion.

It is the general practice not to order the trial of causes in New York city where they may be properly tried in rural counties, at any rate the discretion of the court in such cases should not be interfered with in the absence of controlling reasons.

APPEAL by the defendant, Sigmund Jonas, from an order of the Supreme Court, made at the Greene Special Term and entered in the office of the clerk of the county of Greene on the 20th day of November, 1920, denying defendant's motion to change the place of trial from Greene county to the county of New York.

*Julius H. Rosansky* [*Abraham J. Halprin* of counsel], for the appellant.

*Edward W. Lackey* [*Joseph M. Fowler* of counsel], for the respondent.

WOODWARD, J.:

The plaintiff brings this action to recover rent for the month of October, 1920, upon premises located in the city of New York. The corporation has changed its principal place of business under the provisions of the Stock Corporation Law (§ 13, as amd. by Laws of 1915, chap. 117) and brings this action in Greene county. The defendant moves for a change of venue upon the ground that the action should have been brought in the county of New York, and upon the further ground of the convenience of witnesses. On a motion of this character a domestic corporation is deemed to have its residence in the county in which it has its principal office (*Finch School* v. *Finch*, 144 App. Div. 687; *Rubel* v. *Central Railroad Co. of N. J.*, 171 id. 456), and the plaintiff having acted under the statute, it must be deemed to be lawfully a resident of Greene county and entitled to bring the action there.

The affidavits in support of the alleged convenience of witnesses are lacking in essential elements. It does not appear that the many alleged witnesses know anything about the

First Department, March, 1921. [Vol. 195.

particular contract; they are defendants in similar actions, but there is nothing to show that they are material witnesses in reference to any fact in issue in this particular case.

While the rule is not absolute, it is the general practice to decline to order the trial of causes in the city of New York where they may be properly tried in rural counties, and the discretion of the court in this regard ought not to be interfered with in the absence of controlling reasons.

The order appealed from should be affirmed, with costs.

Order unanimously affirmed, with ten dollars costs and disbursements.