St. Regis Paper Company, Plaintiff, *v.* Philip L. Hano and Another, Defendants.

Supreme Court, Jefferson County, July, 1931.

*Le Boeuf & Winston* [*Francis E. Cullen* of counsel], for the plaintiff.

*Garfield & Seligson* [*Gustave B. Garfield* of counsel], for the defendants.

CREGG, J. The defendant Harrisville File Folder Corporation in motion No. 1 asks for a dismissal of the complaint upon the ground that it appears upon its face that the complaint fails to state facts sufficient to constitute a cause of action. It served its answer at the time it served the notice of motion herein.

The plaintiff contends that the service of the answer constitutes an abandonment of the motion under section 282 of the Civil Practice Act, and moves for a dismissal.

The defendant in its notice of motion states that the motion is made upon the pleadings and argues that it is proper under section 476 of the Civil Practice Act, and service of the answer did not constitute an abandonment.

If the motion is under section 476 of the Civil Practice Act, then it must be heard on all of the pleadings. (*Childs* v. *Childs*, 144 App. Div. 167.)

I am of the opinion that the complaint, particularly the paragraph numbered " sixth," sets forth a cause of action against both defendants, and when read with the answer which contains certain admissions and sets forth three separate counterclaims, there can be no question about it. Motion No. 1 is denied.

The defendants in motion No. 2 ask that the place of trial of the action be changed from Jefferson county to the county of New York, upon the grounds: (a) For the convenience of material witnesses; (b) that the defendants have reasonable cause to believe that an impartial trial cannot be had in Jefferson county; (c) that the ends of justice will be promoted by the transfer.

Plaintiff entered into an agreement with the defendant Hano on or about July 16, 1930, wherein and whereby the plaintiff agreed to furnish a warehouse for the defendant Hano at Harrisville, Lewis county, N. Y., and deliver to him at said warehouse certain materials known as " tag board " and other paper. The contract was made in New York county.

Thereafter the defendant Hano, as contemplated by the agreement, organized the defendant Harrisville File Folder Corporation, and it acquired some interest in the contract. Thereafter various quantities of tag board and other paper were delivered by the plaintiff to the defendants at said warehouse. The defendants now claim that some of the tag board delivered by the plaintiff

was not of the standard and quality provided for in the agreement, and refused to pay.

The moving papers when read together with the complaint and answering affidavit do not make a case which requires the change of venue for the convenience of material witnesses.

This action is for breach of contract. The cause of action arose where the contract was breached, namely, Lewis county, which adjoins Jefferson county. The principal office of the defendant corporation is in Kings county, and the defendant Hano is a resident of Kings county, N. Y. Plaintiff claims that its principal place of business is in Jefferson county. It is true that plaintiff transacts business in various counties throughout the State, including New York county, where it has large and spacious offices. Nevertheless it has an office and transacts business in Jefferson county, and its certificate of incorporation states that its office and principal place of business is in Jefferson county.

It must be held, under the authority of *Dairymen's League* v. *Brundo* (131 Misc. 548), that the principal place of business of the plaintiff is Jefferson county.

The defendant Hano, in an affidavit sworn to by him on July 3, 1931, referring to a statement made by R. J. Parham, sales manager and assistant secretary of the plaintiff, said: " He [meaning Parham] knows that the only reason why he is dragging the defendants up to Jefferson County for trial is because he hopes because of up-state prejudice against a New York City resident, the defendants will be denied their day in Court." Defendants' counsel upon the argument strenuously urged that a fair trial could not be had in Jefferson or Lewis counties, because of the above-mentioned prejudice.

The records of the Supreme Court in all up-state counties, particularly in the Fifth Judicial District, show that all litigants therein are guaranteed absolute justice.

It is my experience that so-called " country juries " in up-state counties render verdicts on the merits, regardless of the locality in which the litigants reside. Such juries are not swayed by sympathy, passion, prejudice or restraint. They are fair-minded, clear thinkers. The defendants need not have any fear of prejudice, if they have a meritorious case.

The general practice is to decline to order the trial of causes in the city of New York when they may be properly tried in rural counties. (*Carvel Court Realty Co., Inc.,* v. *Jonas,* 195 App. Div. 662.)

In my opinion the ends of justice will best be met by a trial of the case in Jefferson county, instead of the county of New York,. The second motion is denied.