KINGSBORO SILK MILLS, INC., Respondent, v. AUBURN FABRICS, INC., Appellant.— Appeal from an order of the Supreme Court, made at the Schenectady Special Term and entered in the Fulton county clerk's office on May 2, 1940, denying defendant's motion to change the place of trial from Fulton county to the county of New York for the convenience of witnesses. The action was brought to recover $4,655.15 for goods sold and delivered. Defendant's· answer admits the allegations of the complaint, and pleads four counterclaims and one separate defense. The counterclaims are for the alleged breach of four separate contracts. All of the witnesses for the defendant whose convenience is sought to be served are, with one exception, employees of the appellant. All of the plaintiff's officers and employees with whom defendant dealt reside in Fulton county, which is also the plaintiff's principal place of business and office. A trial cannot be had in New York county as quickly as in Fulton county. The order was discretionary and should not be interfered with. (*Carvel Court Realty Co., Inc.*, v. *Jonas*, 195 App. Div. 662.) Order unanimously affirmed, with ten dollars costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

H. V. NOYES, as Commissioner of Agriculture and Markets of the State of New York, Respondent, v. ARTHUR E. LANDEL, Doing Business as WILLIAMSVILLE DAIRY, Appellant, and NEW YORK STATE GUERNSEY BREEDERS CO-OPERATIVE, INC., Added Defendant, Appellant. H. V. NOYES, as Commissioner of Agriculture and Markets of the State of New York, Respondent, v. STERLING AMHERST FARMS DAIRY, INC., Appellant, and NEW YORK STATE GUERNSEY BREEDERS CO-OPERATIVE, INC., Added Defendant, Appellant.— The appeals argued on the· combined record are from judgments in two actions to recover from two milk marketers the payments which each was required to make under Order No. 127 to the fiscal officer of the Niagara Frontier Milk Marketing Area. The motion of the New York State Guernsey Breeders Co-operative, Inc., to be made a party defendant in the actions was granted. The evidence supports the judgment and findings appealed from and the judgment should be affirmed, with costs. Judgment affirmed, with costs. Crapser, Bliss and Foster, JJ., concur; Hill, P. J., and Heffernan, J., dissent. [See, also, *Matter of N. Y. State Guernsey Br. Co-op.* v. *Noyes*, 260 App. Div. 240.]