In the Matter of the General Assignment for the Benefit of Creditors of NORMA FOOTWEAR CORP., Assignor, to LEATHER BOARD OF TRADE, INC., Assignee, Appellant. ROBERT PATRICK, Respondent.

First Department, June 26, 1956.

*Alexander H. Rockmore* of counsel (*Alexander H. Rockmore & Irving Weinstein,* attorneys), for appellant.

*J. Steven Holt.* for respondent.

Cox, J. The Leather Board of Trade, Inc., assignee for the benefit of the creditors of Norma Footwear Corp., moved at Special Term for an order declaring null and void a chattel mortgage executed by Norma Footwear Corp. to Robert Patrick, respondent herein, on the ground that it was not filed in the proper county as required by statute.

When the assignor was organized and incorporated in 1946, its certificate of incorporation designated Kings County, one of the counties within the city of New York, as its principal place of business and 62 Schenectady Avenue as the address to which all process against the corporation served on the Secretary of State was to be mailed. The certificate of incorporation was amended in 1950 and again in 1954 but no amendment or change was made as to its principal place of business.

In January, 1954, the assignor moved all of its plant machinery and equipment to city of Glens Falls, county of Warren, New York, but maintained an office and showroom at 47 West 34th Street, Manhattan.

On May 14, 1954, one Robert Patrick loaned the sum of $24,000 to the assignor and on July 23, 1954, the assignor executed and delivered a chattel mortgage to Patrick covering most of its plant, machinery and fixtures in Glens Falls. This chattel mortgage was filed on the same day in the office of the city clerk in Glens Falls but, concededly, at no time was a copy filed in Kings County. On August 16, 1955, Norma Footwear Corp. duly executed and delivered to the Leather Board of Trade, Inc., an assignment for the benefit of creditors which was filed in the office of the County Clerk in New York County. Assignee qualified and by order of court was authorized to sell, and did sell, at public auction, all of the physical assets of assignor, both at Glens Falls and in Manhattan.

A stipulation was signed by the assignee and attorney for Patrick under terms of which the proceeds of the sale were to be turned over to the attorney for Patrick in escrow subject to a determination of the validity of the chattel mortgage.

Filing of a chattel mortgage is directed by statute with the obvious purpose of protecting present and prospective creditors

and those who may intend to acquire an interest in the mortgaged property from being misled into a belief that title to the property is unencumbered when in fact it is. (*Karst* v. *Gane,* 136 N. Y. 316; *Meech* v. *Patchin,* 14 N. Y. 71; *Gregory* v. *Thomas,* 20 Wend. 17.)  If not properly filed, the instrument is void as to creditors and an assignee for the benefit of creditors may attack its validity (*Stich* v. *Pirkl,* 100 Misc. 594; cf. also *Baker* v. *Hull,* 250 N. Y. 484, 489).  Filing of a chattel mortgage in order to render it valid as against creditors is governed by section 232 of the Lien Law, the pertinent part of which reads as follows: '' An instrument, or a true copy thereof, if intended to operate as a mortgage of a canal boat, steam tug, scow or other craft  \*  \*  \*  navigating the canals of this state, must be filed in the office of the superintendent of public works  \*  \*  \*. Every other chattel mortgage  \*  \*  \*  must be filed in the county within the city of New York or in the town or city where the mortgagor, if a resident of the state, resides at the time of the execution thereof  \*  \*  \*.  In the city of New York, such instrument must be filed as follows: In the borough of Brooklyn, such instrument shall be filed in the office of the city register in the county of Kings  \*  \*  \*  such instrument shall be filed in the office of the town or city clerk, unless there is a county clerk's office in such town or city, in which case it must be filed therein.''

For purposes of taxation, keeping of corporate books and venue for the commencement of proceedings, it is the general rule that the residence of a domestic corporation is in the county designated by its certificate of incorporation as its principal place of business.  This is established by such cases as *Western Transp. Co.* v. *Scheu* (19 N. Y. 408); *Carvel Court Realty Co.* v. *Jonas* (195 App. Div. 662); *Oswego Starch Factory* v. *Dolloway* (21 N. Y. 449); *Matter of Capital Nat. Corp.* (225 App. Div. 773) and numerous others.  In view of the provisions of section 232 of the Lien Law it was incumbent on the mortgagee to file the chattel mortgage in Kings County.

A statute similar to our own was involved in *Fairbanks Shovel Co.* v. *Wills* (240 U. S. 642, 647), where the court stated: '' We are of opinion that a corporation organized under the laws of Illinois is to be deemed a resident of the State within the meaning of the chattel mortgage act, and that the county of its residence must be taken to be the county in which its principal office is located.''

The mortgagor in this case was a resident of the county of Kings at the time of its incorporation and although it could have changed its residence pursuant to the provisions of the

Stock Corporation Law (§ 35, subd. 2, par. [E]; §§ 36, 37) it failed to do so. Consequently, its residence is still in the place specified in its charter. The chattel mortgage, not having been filed in the proper county, is null and void as against the assignee.

The order should be reversed and the motion granted.

BOTEIN, J. P., RABIN, FRANK and VALENTE, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion granted. Settle order on notice.