Irving H. Saypol, J.
The corporate petitioner and its president and majority stockholder, seek an order directing respondents as inspectors and tellers of election to certify that certain persons were duly elected directors. Respondent Marcus demands removal of the proceeding to Queens County. Petitioner moves to strike separate and distinct defenses in the answer and the answer itself.
The substance of this dispute is that the respondent, Marcus, who asserts that he was the only inspector of the election, refused to count petitioner’s ballot and refused to certify *542 the election of directors. A stockholder had challenged the ballot, asserting an agreement with the individual petitioner to vote his stock for the challenger as a director in perpetuity. It is apparent from the papers that respondent Marcus is not controlled by the individual petitioner as are the two other inspectors.
The respondent Marcus had no right to take the position that he would refuse to count the votes challenged on the ground that he had no power or authority to determine the question of the challenge and dispute. In so doing he was in fact deciding the matter against the majority stockholder. An inspector of elections is a ministerial officer; he has no power to determine any disputed question (Stock Corporation Law, § 46; Prigerson v. White Cap Sea Foods, 100 N. Y. S. 2d 881 and cases cited therein). When a vote is challenged the inspectors shad require the production of corporate books as evidence of the right to vote. If it appears therefrom that he has the right, the vote must be counted and the election certified. The disputed question, unrelated to the qualification of voters, pursuant to section 47 of the Stock Corporation Law, may be determined by the court after the election, if a person is aggrieved. The fact that the inspectors were first designated as tellers is of no consequence, as the intent was to have them act as inspectors and their duties were identical. The jurisdiction is properly here, absent any denial of the sworn statement that this is its residence (Western Transp. Co. v. Scheu, 19 N. Y. 408; Matter of Norma Footwear [Leather Bd.], 2 AD 2d 24, 26). Marcus is without standing, and there is no issue of fact. Accordingly, the application is granted.
Settle order.