In the Matter of SAVAGE MILLS, INC., Debtor.

No. 54986.

United States District Court E. D. New York. Feb. 16, 1959.

Herbst & Herbst, New York City, for petitioners.

Louis P. Rosenberg, Brooklyn, N. Y., for debtor in possession.

RAYFIEL, District Judge.

Cutting Room Appliances Corp., an alleged creditor of the above-named debtor, filed its petition for the review of the order of Hon. Louis J. Castellano, Referee in Bankruptcy, dated December 12, 1958, denying its petition for an order directing the debtor to turn over to it certain machinery and equipment hereinafter more specifically identified. The gravamen of the petitioner's claim is that the learned Referee erred in finding that the agreements under which the application for said turn-over order was made were void as against the debtor and its creditors. The facts, which are not in substantial dispute, follow.

On or about June 27, 1958 the debtor filed its petition for an arrangement under Chapter XI of the Bankruptcy Act (Title 11 U.S.C.A. § 701 et seq.).

On September 18, 1958 Cutting Room Appliances Corp. filed its petition for an order directing the debtor to turn over to it certain machines and chattels described in two conditional sales agreements, under which the petitioner sold and delivered the same to the debtor, claiming that the latter had defaulted in the payments provided for in said agreements, and that by reason of such default it was entitled to the return of said machines and chattels.

The debtor, answering said petition, alleged that it is a domestic corporation, that its certificate of incorporation designates New York County as its principal place of business, and that the said agreements, having been filed in Kings County, and not in New York County, are unenforceable against the debtor, and are null and void as against its creditors.

The petitioner then filed its reply, wherein it admitted that the conditional sales agreements were not filed in New York County, but alleged that at the time of the execution of said agreements the debtor did not maintain, nor had it for at least six years prior thereto maintained, a place of business in New York County; further, that for such period the debtor's only place of business and residence was, and to this very date is, located at 495 Bushwick Avenue, in the Borough of Brooklyn, County of Kings, City and State of New York, to which place the machines and chattels covered by said agreements were delivered, and where they, as well as the debtor's books and records, were, and now are, maintained; and further, that during said period the debtor filed its federal income tax returns in the Brooklyn office of the Internal Revenue Director.

The question, then, is: What, for the purpose of the filing of said conditional sales agreements, was the "resi-

dence" of the debtor—the buyer—within the meaning of Section 66 of the Personal Property Law of the State of New York, McKinney's Consol.Laws, c. 41.

In re Riverdale Production, Inc., D.C., 107 F.Supp. 87, involved a case in which the Referee in Bankruptcy had made an order declaring a conditional sales contract null and void on the ground that it had not been filed in New York County, where, under its certificate of incorporation, the vendee's (bankrupt's) principal office was located. Judge Goddard, in dismissing the petition to review said order, after citing Oswego Starch Factory v. Dolloway, 21 N.Y. 449, and Ajax Rubber Company, Inc. v. J. P. Devine Company, 126 Misc. 341, 214 N.Y.S. 311, holding, respectively, that for tax and venue purposes the corporation had but one residence, that fixed by its certificate of incorporation, said at page 89, "The desirability of a fixed location for the residence of a corporation plus the fact that the courts have generally regarded the residence of a corporation to be a technical term, *leads me to hold that the Certificate of Incorporation is conclusive.*" (Emphasis added.)

Except for the fact that it involved a chattel mortgage instead of a conditional bill of sale, the case of In re General Assignment for Benefit of Creditors of Norma Footwear Corp., Assignor to The Leather Board of Trade, Inc., Assignee, 2 A.D.2d 24, 153 N.Y.S.2d 80, affirmed 2 N.Y.2d 887, 161 N.Y.S.2d 143, is analogous to the case at bar. The assignor's certificate of incorporation designated Kings County as its principal place of business. In January, 1954, it moved all of its plant, machinery and equipment to the City of Glens Falls, in Warren County, New York. Thereafter it borrowed a sum of money from one Robert Patrick, executing and delivering to him as security therefor a chattel mortgage covering part of its plant, machinery and fixtures. The mortgage was filed in the office of the City Clerk of Glens Falls, but not in Kings County. Thereafter it executed and delivered to the assignee an assignment for the benefit of its creditors.

From an order by the Supreme Court, Special Term, sustaining the validity of said chattel mortgage as to the assignor's creditors, the assignee appealed. The Appellate Division, in reversing said order, said, 153 N.Y.S.2d at pages 82–83.

"[4] For purposes of taxation, keeping of corporate books and venue for the commencement of proceedings, it is the general rule that the residence of a domestic corporation is in the county designated by its certificate of incorporation at its principal place of business. This is established by such cases as Western Transportation Co. v. Scheu, 19 N.Y. 408; Carvel Court Realty Co. Inc. v. Jonas, 195 App.Div. 662, 186 N.Y.S. 802; Oswego Starch Factory v. Dolloway, 21 N.Y. 449; In re Capital National Corporation, 225 App.Div. 773, 232 N.Y.S. 52 and numerous others. In view of the provisions of section 232 of the Lien Law it was incumbent on the mortgagee to file the chattel mortgage in Kings County.

\* \* \* \* \* \*

"[5] "The mortgagor in this case was a resident of the County of Kings at the time of its incorporation and although it could have changed its residence pursuant to the provisions of the Stock Corporation Law, §§ 35(2) (E), 36 and 37, it failed to do so. *Consequently, its residence is still in the place specified in its charter.* The chattel mortgage, not having been filed in the proper county, is null and void as against the assignee." (Emphasis added.)

I find the cases cited by the petitioner to be either impertinent or distinguishable.

The petitioner's claim that Section 342 of the Bankruptcy Act does not vest the debtor in possession with the "rights" as well as the "powers" of a trustee is wholly without merit.

Accordingly, the petition for review is dismissed, and the order of Referee Castellano is confirmed.

Settle order on notice.