COUNTY TRUST COMPANY, Respondent, v. PILMER EDSEL, INC., Appellant.— In an action to recover damages for breach of an express warranty contained in an assignment of a retail installment sales contract of an automobile, defendant appeals from a judgment of the Supreme Court, Westchester County, entered June 1, 1959, in favor of plaintiff, upon a decision of the court, after a nonjury trial. Judgment affirmed, with costs. We do not agree with the reasons stated by the learned Trial Justice, except that we are of the opinion that the false statement as to the buyer's address was material within the meaning and intent of defendant's warranty. Ughetta, Kleinfeld, Christ and Pette, JJ., concur; Beldock, Acting P. J., dissents and votes to reverse the judgment and to dismiss the complaint, with the following memorandum: On October 22, 1957, one Bernard Williams proposed to purchase an automobile from defendant for $3,923, but asked for financing of $2,873. In connection with the application for credit, defendant asked Williams for information as to his residence address and his employment, among a number of other items. Defendant does not extend credit, but submits the application for credit to plaintiff bank. On October 22, 1957, defendant submitted to plaintiff the information received from Williams. Plaintiff did not investigate Williams' claimed home address. However, plaintiff ascertained independently, and not from defendant, the telephone number of Williams' claimed employer and then communicated with that firm. After this investigation by plaintiff of Williams' employment and earnings, plaintiff decided to extend credit of $2,500 instead of the requested $2,873. Defendant then requested Williams to pay another $373 in cash, which he did. Plaintiff thereupon purchased the conditional sales contract for $2,500. Attached to the contract was a written warranty by defendant that the contract evidenced a bona fide sale to the buyer, and that all statements of fact therein contained were true. The record shows, however, that defendant did not sign the dealer guarantee which was also included in the contract. Williams failed to pay the November, 1957 installment. This is an action by plaintiff against defendant for the balance due based on the claim that there was a misrepresentation by defendant in connection with the warranty, in that Williams' home address

as stated in the contract was not correct. In my opinion, this judgment for plaintiff should be reversed and the complaint dismissed. The home address of Williams was not a material warranty. Plaintiff advanced the $2,500 credit without checking on the home address, but after making such investigation which plaintiff deemed material for that purpose. There is no proof that plaintiff's failure to locate Williams in order to pursue its remedies resulted from Williams giving an incorrect home address. To affirm this judgment means that automobile dealers are compelled to make an independent investigation of the information given to them by purchasers of automobiles, even though they do not extend credit to such purchasers. That burden of investigation is more properly placed on those who purchase the paper; those whose business it is to approve or disapprove the credit application and to extend credit (the information being given solely for credit purposes), and who, in this instance, risked their $2,500 in order to earn their credit service charge of $462.44.