GARDNER–DENVER COMPANY and Compressor and Rock Service Corporation, Petitioners-Appellants,

v.

C. J. HASLAM, INC., Respondent-Appellee.

No. 165, Docket 28333.

United States Court of Appeals Second Circuit.

Argued Nov. 12, 1963.

Decided Nov. 29, 1963.

John T. DeGraff, Albany, N. Y. (De-Graff, Foy, Conway & Holt-Harris, Albany, N. Y., on the brief), for petitioners-appellants.

Prescott C. Sook, Albany, N. Y. (Cooper, Erving & Savage, Albany, N. Y., on the brief), for respondent-appellee.

Before LUMBARD, Chief Judge, and KAUFMAN * and HAYS, Circuit Judges.

PER CURIAM:

Gardner-Denver Company and Compressor and Rock Service Corporation appeal from a judgment of the United States District Court for the Northern District of New York which dismissed their petition to review the determination of a referee in bankruptcy and which confirmed the referee's order in all respects.

Petitioners sold movable construction equipment to C. J. Haslam, Inc. during 1961 under nine conditional sales agreements. These agreements, executed by Haslam, recited Chatham, New York, as Haslam's residence, although under § 81–b of the New York Personal Property Law, McKinney's Consol. Laws, c. 41, the residence of a corporation for the purpose of filing conditional sales contracts "is the city or town and county in which the office of the corporation is or is to be located as specified in its certificate of incorporation," in the case of Haslam that town being Bethlehem, New York. As the result of the misstatement in the contracts, Gardner-Denver's field representative misfiled the contracts with the town clerk of Chatham.

Although Haslam has at all times had possession and use of the equipment, it made no more than four monthly payments on any of the contracts, the last being made in November 1961. On December 1, 1961, Haslam filed its petition and schedules in a proceeding brought pursuant to Chapter XI of the Bankruptcy Act, 11 U.S.C. §§ 701–799, in the Northern District and was authorized by

---

* Judge Kaufman did not participate in this decision.

the referee in bankruptcy to conduct its corporate business as a debtor-in-possession. Bankruptcy Act, § 342, 11 U.S.C. § 742.

Gardner-Denver moved the referee for an order rescinding the agreements on the grounds of fraud and mutual mistake in their execution and demanding reclamation of the property from the debtor. The referee dismissed the petition after a hearing and the District Court confirmed the referee's order in all respects. Finding no error in the decision of the District Court, we affirm that judgment.

■ As a debtor-in-possession, Haslam enjoys the rights and powers of a trustee-in-bankruptcy, Bankruptcy Act, § 342, 11 U.S.C. § 742, and could void these conditional sales contracts because of improper filing. Bankruptcy Act, § 70 sub. c, 11 U.S.C. § 110, sub. c; Whiteford Plastics Co. v. Chase National Bank, 179 F.2d 582 (2 Cir. 1950); In re Savage Mills, Inc., 170 F.Supp. 559 (E.D. N.Y.1959). There seems no reason why a different result should be reached merely because this action is brought in the form of a suit for rescission.

■ County Trust Co. v. Pilmer Edsel, Inc., 13 A.D.2d 1025, 217 N.Y.S.2d 273 (1961), upon which the appellants principally rely, does not hold that where, as here, the rights of creditors have intervened the contract may be rescinded because of constructive fraud or mistake of fact. That case involved an action for breach of an express warranty in an assignment of a retail automobile installment sales contract and held merely that a false statement as to the buyer's address was material within the meaning of the defendant's warranty.

In seeking rescission, the appellants seek as well to evade the effects of the recording act. The result reached by the referee, and confirmed by the District Court, although harsh, is necessary to effectuate the policies of both the Bankruptcy Act and the New York statute, Personal Property Law, § 66, requiring the filing of conditional sales contracts "in the office of the city or town clerk in the city or town in which the buyer resides."

The judgment of the District Court is accordingly affirmed.