■ Michael Vasquez, Appellant, v Sherri B. Sonin et al., Respondents. [687 NYS2d 30] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered September 5, 1997, which, in an action for personal injuries arising out of a car accident in Westchester County, granted a motion pursuant to CPLR 510 (1) by defendant Marrinan, the driver of the car in which plaintiff was a passenger, to change venue from Bronx County to Westchester County, and denied plaintiff's cross motion to retain venue in Bronx County, or, in the alternative, to change venue to New York County, unanimously modified, on the facts, to change venue to New York County, and otherwise affirmed, with costs payable by defendant Sherri Sonin to plaintiff.

Plaintiff's selection of Bronx County as the venue was based on the Bronx address that appeared on the license and police accident report of defendant Sonin, the driver of the other car, who inadvertently admitted Bronx residency in her answer, but who subsequently demonstrated that the Bronx address was actually her office and mailing address and that at all rel-

evant times her residence had been in Manhattan. Thus, while the IAS Court properly held that the Bronx was an improper county and that the action had to be transferred to a county of residence of one of the parties, either Westchester or New York, the county chosen should have been New York, plaintiff's alternative choice. The general rule that a plaintiff forfeits the right to select venue by choosing an improper venue in the first instance (*see, Roman v Brereton*, 182 AD2d 556) should not be applied where, as here, the choice of an improper venue was due to reliance reasonably placed on incorrect information contained in a license exhibited at the scene of an accident (*see*, Vehicle and Traffic Law § 505 [5]; *cf., McKenzie v MAJ Tr.*, 204 AD2d 154; *Pittman v Maher*, 202 AD2d 172, 176). Concur—Ellerin, P. J., Nardelli, Williams and Rubin, JJ.