(March 29, 2005)

■ GREGORY HILL, Appellant, v DELTA INTERNATIONAL MACHINERY CORP. et al., Respondents, et al., Defendant. [792 NYS2d 413]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.),

entered on or about July 1, 2004, which granted the motion of defendants Delta International Machinery Corp. and Home Depot U.S.A. Inc. to transfer venue from Bronx County to Nassau County, unanimously reversed, on the law, without costs, the motion denied and the transfer order vacated.

Plaintiff, a resident of Queens County, was injured using a power saw while at work. He was employed by AD Mfg. Corp., and the injury took place at the company's office at 248-44 Jericho Turnpike in Nassau County. Plaintiff brought this personal injury action in Bronx County, based upon AD Mfg. Corp.'s 1970 certificate of incorporation filed with the New York Department of State, which indicates that the corporation is located in Bronx County. Defendants Delta International Machinery Corp. and Home Depot U.S.A. Inc. moved to transfer venue to Nassau County. They argued that AD Mfg. Corp. resided in Nassau County, not Bronx County, and provided evidence that Nassau County was its principal place of business. The IAS court granted defendants' motion and ordered the transfer of the action. This was error.

Plaintiff properly placed venue in Bronx County based upon defendant AD Mfg. Corp.'s certificate of incorporation, which designated that county as the corporate residence (CPLR 503 [c]; *Marko v Culinary Inst. of Am.*, 245 AD2d 212 [1997]; *Klugman v Food Emporium, Inc.*, 226 AD2d 321 [1996]). However, we are mindful that there may be factors which may warrant a discretionary change of venue (*see* CPLR 510 [3]). Accordingly, our reversal is without prejudice to a motion for transfer of the action pursuant to CPLR 510 (3) (*Conway v Gateway Assoc.*, 166 AD2d 388 [1990]). Concur—Buckley, P.J., Mazzarelli, Saxe, Friedman and Catterson, JJ.