■ GEORGE VELASQUEZ et al., Appellants, v DELAWARE RIVER VALLEY LEASE CORP. et al., Respondents. [795 NYS2d 221]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered July 8, 2004, which granted defendants' motion for a change of venue to New York County, unanimously reversed, on the law, without costs, the motion denied and the transfer order vacated.

On January 10, 2003, plaintiff was injured when the vehicle he was operating, owned by his company Sound Limo, Inc., was

struck by a vehicle owned by defendant Delaware River Valley Lease Corp., operated by defendant Orozco and leased by his employer defendant GRM Information Management Services. The accident occurred at 110 East 57th Street in New York County.

Plaintiffs commenced an action in Bronx County on or about April 16, 2003, basing venue on the address listed on the certificate of incorporation of Sound Limo, Inc., filed with the Secretary of State on February 10, 1999. At plaintiff's deposition, he testified that he was the sole owner of Sound Limo, Inc. at the time of the accident and operated this business out of his home in Clifton, New Jersey. He further stated that at the time of the accident, he did not maintain an actual place of business in Bronx County and that the address listed on the certificate of incorporation was his former residential address. He also testified that he did not maintain his business at the Bronx address.

Based on this testimony, defendants moved for a change of venue to New York County. In opposition, plaintiff stated he was confused by the questions and attached the certificate of incorporation showing a Bronx address as the principal place of business. The IAS court granted defendants' motion and ordered the case transferred to New York County.

Plaintiffs properly placed venue in Bronx County based upon Sound Limo, Inc.'s certificate of incorporation, which designated that county as the corporate residence (CPLR 503 [c]; *Hill v Delta Intl. Mach. Corp.*, 16 AD3d 285 [2005]). We have long held that "The designation of a county as the location of a corporation's principal office in a certificate of incorporation is controlling in determining corporate residence for the purposes of venue" (*Conway v Gateway Assoc.*, 166 AD2d 388, 389 [1990]). Since the certificate of incorporation here was never formally amended to change the principal place of business, the original designation governs (*Nadle v L.O. Realty Corp.*, 286 AD2d 130, 132 [2001]). Concur—Andrias, J.P., Marlow, Sullivan, Gonzalez and Sweeny, JJ.