PETER DISCOLO, Respondent, v RIVER GAS & WASH CORP. et al., Appellants. [837 NYS2d 95]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered May 11, 2006, which denied defendants' motion to change venue of this action to Nassau County, and implicitly denied as academic plaintiff's cross motion to change venue to Kings County in the event of a determination that Bronx County was not the proper venue, modified, on the law, to grant the cross motion, venue changed to Kings County, and otherwise affirmed, without costs.

Plaintiff predicated his designation of Bronx County as the venue of this personal injury action on the 1990 certificate of incorporation reciting that defendant River Gas & Wash Corp. (RGW) maintained its corporate office in the Bronx. However, the record establishes that RGW's certificate of incorporation was amended in 1999 to provide that "[t]he office of the corporation is located in Kings County, New York," and neither plaintiff nor RGW's codefendant is a Bronx resident. Since we look to the certificate of incorporation to determine a corporation's principal place of business for purposes of CPLR 503 (c) (*see Hill v Delta Intl. Mach. Corp.*, 16 AD3d 285, 286 [2005]), venue should be transferred to Kings County, in accordance with RGW's certificate of incorporation at the time the action was commenced. We decline to apply the general rule that a plaintiff forfeits the right to select venue by initially choosing an improper venue because, in this case, plaintiff commenced the action in an improper venue as the result of reliance on an official record (*see Vasquez v Sonin*, 259 AD2d 340, 341 [1999]). Accordingly, venue is transferred to Kings County, plaintiff's second choice, rather than, as urged by defendants, to Nassau County, the residence of plaintiff and the codefendant. Concur—Friedman, Sweeny and McGuire, JJ.

Saxe, J.P., and Malone, J., dissent in a memorandum by Saxe, J.P., as follows: I would affirm the IAS court; the venue of this

personal injury action should remain in the county selected by plaintiff, the only county where the moving defendant corporation operates its business, where, according to the biennial statement it filed with the New York Department of State, its principal executive office is located, and where the real property on which the accident occurred is located.

Plaintiff Peter Discolo alleges that he slipped and fell on a substance which had been applied to his vehicle by employees of defendant River Gas & Wash Corp. at its premises at 99 East 149th Street, in Bronx County, on January 22, 2005. Defendant River Gas operates a car wash, express oil change and gas station at the premises. Although himself a resident of Nassau County, plaintiff commenced his action in Bronx County.

In support of the Bronx venue, plaintiff offered information regarding River Gas & Wash, provided to him by the New York Department of State, Division of Corporations. This included the corporation's biennial filing of May 28, 2004, a document required by Business Corporation Law § 408, in which the corporation designated its principal executive office as 99-107 East 149th Street, Bronx, NY 10451. In support of the claim that venue was improperly set in Bronx County, defendant River Gas & Wash relied upon the certificate of change it filed in 1999 to amend its certificate of incorporation, in which the stated location of the office of the corporation was changed to Kings County.

CPLR 503 (c), denominated "Venue based on residence," provides, in relevant part, that: "A domestic corporation, or a foreign corporation authorized to transact business in the state, shall be deemed a resident of the county in which its principal office is located . . . ."

The majority relies on the often-cited rule that the sole legal residence of a corporation for venue purposes is the county designated in its certificate of incorporation (citing *Hill v Delta Intl. Mach. Corp.*, 16 AD3d 285 [2005]; *see also Velasquez v Delaware Riv. Val. Lease Corp.*, 18 AD3d 359, 360 [2005]). I do not dispute that this is the prevailing rule. But, I find it difficult to accept that the law requires an unthinking, automatic application of this rule where a more recent document, which the law requires a corporation to file every two years with the Department of State, lists the corporation's "principal executive office" at a location other than the "principal office" listed in the certificate of incorporation. Under these circumstances, the continued automatic application of the rule that we may look only at the certificate of incorporation, and must ignore documents that as a practical matter serve to update the informa-

tion in that certificate, seems like willful ignorance. It is particularly offensive to permit a defendant to use this rule as a shield to avoid a lawsuit in the only county where its only business is located, and to both select and forever fix the county of venue where it must be sued merely by virtue of the county named years earlier in its certificate of incorporation.

This Department has sometimes been said to be somewhat more flexible in applying this rule (*see generally* 1-5 Weinstein-Korn-Miller, CPLR Manual § 5.05 [a] [2] [ii]). Commonly cited in that regard is the case relied upon by plaintiff, *Weiss v Saks Fifth Ave.* (157 AD2d 475 [1990]). This Court in *Weiss* denied the defendant's motion for a change of venue from New York to Westchester, rejecting the defendant's argument that the plaintiff had improperly relied on its certificate of assumed name listing New York as its principal office, when its certificate of incorporation designated Westchester. This Court explained its view that the terms "principal place of business" and "principal office" have historically been used interchangeably, so the defendant was not entitled to a change of venue as of right (*id.* at 476).

The present case cries out for similarly flexible application of the rule. The term "principal office" as it is used in CPLR 503 is not essentially different from the "principal executive office" which Business Corporation Law § 408 requires a corporation to update every two years with the New York Department of State. Based upon the updated information in River Gas's biennial statements as to its "principal executive office," as well as upon its apparent "principal place of business," plaintiff should have been permitted to retain venue of this action in Bronx County (*see Manchester Tech. v Hansen*, 6 AD3d 806, 808 [2004]).