■ ROBERT KROCHTA, Appellant, v ON TIME DELIVERY SERVICE, INC., et al., Respondents. [879 NYS2d 428]—

Order, Supreme Court, Bronx County (Nelson S. Roman, J.), entered on or about April 25, 2008, which, in an action for personal injuries arising from a trip and fall on a sidewalk in Nassau County, granted the motion of defendant Ad Mfg. Corp. (AMC) to change venue from Bronx to Nassau County, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff, a Pennsylvania resident, was injured on premises owned and operated by AMC in Nassau County when he tripped

and fell over packaging material used to wrap merchandise being delivered by defendant On Time Delivery Service, Inc. Plaintiff commenced this action in Supreme Court, Bronx County, basing venue on the residence of defendant AMC, as reflected in its certificate of incorporation filed January 22, 1970. Prior to answering, AMC served a demand to change venue to Nassau County on the ground that the county designated by plaintiff was improper (CPLR 503 [a]). AMC then moved to change venue (CPLR 510 [1]; 511), submitting documentation from the Department of State indicating that the corporation did not reside in Bronx County at the time plaintiff commenced the action. In reply to plaintiff's opposing argument that venue was proper based on the certificate of incorporation, AMC submitted the affidavit of its vice-president attesting that the corporation had been operating out of Nassau County for nearly 30 years. AMC's reply papers further contended that the convenience of material witnesses and the interest of justice also warranted the venue change.

Supreme Court properly denied the motion for change of venue as of right as untimely, having been interposed more than 15 days after service of AMC's antecedent demand (CPLR 511 [b]). The court also correctly rejected AMC's application for a discretionary change of venue as having been improperly advanced for the first time in reply (*Ritt v Lenox Hill Hosp.*, 182 AD2d 560, 562 [1992]), noting that, in any event, AMC had failed to demonstrate how the convenience of witnesses or the interest of justice would be served. The court nevertheless exercised its discretion to grant the change of venue "for reasons not enumerated by statute or in the interest of justice as enumerated by statute." The court concluded that the case has only a tenuous connection to Bronx County and, "all things being equal, a transitory action should be venued in the county of occurrence." This was error.

As this Court stated in *Velasquez v Delaware Riv. Val. Lease Corp.* (18 AD3d 359, 360 [2005]): "We have long held that 'The designation of a county as the location of a corporation's principal office in a certificate of incorporation is controlling in determining corporate residence for the purposes of venue' (*Conway v Gateway Assoc.*, 166 AD2d 388, 389 [1990]). Since the certificate of incorporation here was never formally amended to change the principal place of business, the original designation governs" (citing *Nadle v L.O. Realty Corp.*, 286 AD2d 130, 132 [2001]). While the situs of plaintiff's injury provides a basis to change venue to Nassau County (*see e.g. Young Hee Kim v Flushing Hosp. & Med. Ctr.*, 138 AD2d 252 [1988]), a discretion-

ary change of venue (CPLR 510 [3]) still must be supported by a statement detailing the identity and availability of proposed witnesses, the nature and materiality of their anticipated testimony, and the manner in which they would be inconvenienced by the designated venue (*see Leopold v Goldstein*, 283 AD2d 319 [2001]), requirements the court had correctly found to be unsatisfied. Concur—Gonzalez, P.J., Tom, Catterson, Richter and Abdus-Salaam, JJ.