138-140 WEST 32ND STREET ASSOCIATES LLC, Appellant, v 138-140 WEST 32ND STREET ASSOCIATES, a New York General Partnership, et al., Respondents. [11 NYS3d 4]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered April 25, 2014, which, to the extent appealed from, granted defendant's motion to dismiss the causes of action for specific performance and a declaratory judgment and cancel the notice of pendency, unanimously reversed, on the law, without costs, and the motion denied.

Defendants moved to dismiss on the ground of a defense founded upon documentary evidence (CPLR 3211 [a] [1]). They submitted the 1981 deed indicating that defendants Joseph Simhon and David Simhon purchased, in their individual capacities, one of the properties (parcel No. 1) that defendant partnership purported to sell under the purchase and sale agreement (the contract) to show that the partnership did not own parcel No. 1 and that therefore Joseph's signature alone, as a general partner of the partnership, on the contract was insufficient to convey the property and to bind David. However, the deed does not conclusively establish that the partnership did not own parcel No. 1; there is circumstantial evidence that the partnership was intended to be the owner and that parcel No. 1 was treated, along with parcel No. 2, as property of the partnership (*see e.g. Wiener v Spahn*, 110 AD3d 443 [1st Dept 2013]).

Nor does plaintiff's failure to tender the down payment at the time of the execution of the contract warrant dismissal since an issue of fact exists whether defendants waived immediate tender of the down payment or acquiesced in the late tender. The complaint alleges that at the time of the execution of the contract, Joseph indicated that he would obtain David's signature and deliver it to plaintiff and that he would take the down payment from plaintiff at that time. Concur—Mazzarelli,

J.P., Acosta, Saxe, Manzanet-Daniels and Clark, JJ. ▆▆