OPINION OF THE COURT
Jack L. Libert, J.
By order dated November 22, 2016, the undersigned directed a change of venue from Nassau County to Suffolk County. Plaintiff moved for leave to reargue asserting that the court misapplied the law in its interpretation of two contradictory documents of the Department of State. The documents in conflict are (i) the certificate of incorporation of defendant Acme Bus Corp. (Acme) listing its principal place of business as “145 Lawrence Avenue, Cedarhurst, County of Nassau” and (ii) the “Entity Information” excerpted from the Department of State database which lists Acme’s principal executive office as “3355 Veterans Memorial Hwy, Ronkonkoma, New York” which is a Suffolk County location. The database is readily available to the public on the Department of State’s website. Because of the paucity of decisions and some conflicting decisions concerning the application of Business Corporation Law § 408 (biennial registration requirements for corporations) to CPLR 503 (siting of venue), the reargument requested by plaintiff is appropriate.
Background
Plaintiff seeks damages for personal injuries arising out of a vehicular accident that occurred in Suffolk County on July 5, 2016. The summons and complaint designates Nassau County as the proper venue alleging Acme is a resident of Nassau County because its principal office is located in that county. Acme alleges that Suffolk County is the proper venue because it is a resident of Suffolk County with its principal office located at 3355 Veterans' Memorial Highway, Ronkonkoma, New York, 11779.
*769 CPLR 503 (a) and (c) provide that the place of trial “shall be in the county in which one of the parties resided when [the action] was commenced” (CPLR 503 [a]) and that a “domestic corporation . . . shall be deemed a resident of the county in which its principal office is located” (CPLR 503 [c]). The party seeking a change of venue must prove that either “1. the county designated for that purpose is not a proper county; or
“2. there is reason to believe that an impartial trial cannot be had in the proper county; or
“3. the convenience of material witnesses and the ends of justice will be promoted by the change.” (CPLR 510.)
In support of its assertion that Nassau County is an improper venue, Acme submits a current printout from the New York State Division of Corporations database which lists the “Principal Executive Office” of Acme Bus Corp. as “3355 Veterans Memorial Highway, Ronkonkoma, [Suffolk County] New York, 11779.” The affidavit of Robert J. Froehlich, a corporate manager of Acme, confirms that this corporate defendant maintains its principal office in Suffolk County. In support of its position that Acme resides in Nassau County, plaintiff submits Acme’s original certificate of incorporation filed in 1960 and never amended. That certificate designates the office of corporation to be “145 Lawrence Avenue, Town of Hempstead, Village of Cedarhurst, County of Nassau, State of New York.”
Discussion
For nearly 160 years the county designated in a certificate of incorporation was the exclusive determinant of “residence” of that corporation irrespective of any subsequent physical relocation of corporate offices (see Western Transp. Co. v Scheu, 19 NY 408 [1859]).
“Unless the Legislature intended that the certificate should be conclusive, as to the location of the principal office, it is difficult to see any adequate motive for requiring the statement [in the certificate of incorporation] to be made. It is in no manner essential to the existence of a corporation that the place of its principal office should be fixed, or even that it should have any such office. We can, however, see obvious reasons why it is expedient that corporations should be deemed to have a location for certain purposes, among which is that of *770 taxation; and that this should be definite and certain, and not subject to fluctuation or doubt. When the question is left open to parol proof, serious difficulties and embarrassments must often arise. What makes the office of a corporation its principal office? Is it the residence of its officers? or does it depend upon the amount of the business done, or the number of clerks kept at a particular office? These and other like questions are of difficult solution where the question is left open and at large, and necessarily tend to produce controversies and litigation. To avoid disputes upon the subject, was, I apprehend, one motive for requiring the location to be fixed by the certificate . . .
“[T]he object of the Legislature, in requiring these corporations to designate the location of their principal office in the certificate filed, must have been to produce that certainty on the subject, which could not otherwise be attained, and that the provision did not originate in any supposed necessity for having the ‘principal office’ and the place of the principal business of the corporation identical.” (Id. at 410-411.)
Western is still good law and is frequently cited. (See Matter of Data-Guide v Marcus, 16 Misc 2d 541 [1958]; Matter of Savage Mills, Inc., 170 F Supp 559, 561 [ED NY 1959]; Matter of Norma Footwear Corp. [Leather Bd. of Trade], 2 AD2d 24 [1st Dept 1956]; 8 Fletcher, Cyclopedia of Corporations § 4042 [2016].) A divided First Department upheld this nineteenth century rule in Discolo v River Gas & Wash Corp. (41 AD3d 126, 127-128 [2007]); but the dissenting opinion of Presiding Justice Saxe (Justice Malone joining) states:
“The majority relies on the often-cited rule that the sole legal residence of a corporation for venue purposes is the county designated in its certificate of incorporation (citing Hill v Delta Intl. Mach. Corp., 16 AD3d 285 [2005]; see also Velasquez v Delaware Riv. Val. Lease Corp., 18 AD3d 359, 360 [2005]). I do not dispute that this is the prevailing rule. But, I find it difficult to accept that the law requires an unthinking, automatic application of this rule where a more recent document, which the law requires a corporation to file every two years with the Department of State, lists the corporation’s ‘principal executive office’ at a location other than *771 the ‘principal office’ listed in the certificate of incorporation . . . It is particularly offensive to permit a defendant to use this rule as a shield to avoid a lawsuit in the only county where its only business is located, and to both select and forever fix the county of venue where it must be sued merely by virtue of the county named years earlier in its certificate of incorporation.”
In Tener Consulting Servs., LLC v FSA Main St., LLC (23 Misc 3d 1120[A], 2009 NY Slip Op 50857[U] [Sup Ct, Westchester County 2009]) the court held that the entity information contained on the official database of the Department of State rather than the certificate of incorporation determines a corporation’s residence for venue purposes. The same result was reached with respect to a foreign corporation in Brown v SMR Gateway 1, LLC (22 Misc 3d 1139[A], 2009 NY Slip Op 50516[U] [Sup Ct, Kings County 2009]). Citing State Technology Law § 306 as grounds for using information from an official database, the court held that the corporate address listed in the Department of State database determined corporate residence. Similarly, the court in Sanchez v 475 Doughty Blvd., LLC (2016 NY Slip Op 30532[U], *3 [Sup Ct, NY County 2016]) found that the entity information data sheet coupled with the affidavit of the corporation’s principal established Nassau County as the corporation’s place of residence for venue purposes. The decisions in Tener Consulting, Brown and Sanchez are inapposite to the First Department’s ruling in Díscolo, but consistent with the dissent.
The question presented is whether a corporation can change its principal place of business by reporting that change on the biennial statement required by Business Corporation Law § 408. In the opinion of the undersigned, it can. Business Corporation Law § 402 requires an incorporator to set forth in the certificate of incorporation the county in which the corporation’s principal place of business is located. Prior to the adoption of Business Corporation Law § 408 an amendment to the certificate of incorporation was the only way to change the county of a corporation’s principal place of business and have that change reflected in the official records of the state. Business Corporation Law § 408 (1) states:
“each domestic corporation, and each foreign corporation authorized to do business in this state, shall, during the applicable filing period as deter *772 mined by subdivision three of this section, file a statement setting forth:
“(a) The name and business address of its chief executive officer.
“(b) The street address of its principal executive office.” (Emphasis added.)
Business Corporation Law § 408 affords to corporations the opportunity to easily change the designation of its principal office at any time with that change listed in the official records of the Department of State. Prior to the adoption of Business Corporation Law § 408 changing their information in the certificate of incorporation or an amendment to it were the only practical ways to provide a conclusive determination of corporate residence (see Western Transp.). The adoption of Business Corporation Law § 408, ready Internet access and State Technology Law § 306 make a change in a corporation’s biennial statement at least as effective—arguably a more effective-means of changing the location of a corporation’s principal office. Western Transp. declared the “supremacy” of the certificate of incorporation because it provided a definitive source of information through the Secretary of State to prospective litigants and the public. The biennial statement provides shareholders, creditors, prospective litigants and the general public a readily available, verifiable, accurate and current location of a corporation’s principal address.
The legislative history of Business Corporation Law § 408 provides some guidance on whether it was intended to provide an alternate means of changing a principal place of business. The Memorandum of the Department of State requesting the legislation states: “This measure, a Department of State bill, amends the Business Corporation Law, Not-for-Profit Corporation Law, General Business Law, Limited Liability Company Law and the Partnership Law to simplify the execution requirements for documents filed with the Department of State by corporations, limited partnerships and limited liability companies.” (Mem of Dept of State in Support, Bill Jacket, L 1998, ch 375 [emphasis added].)
Along the same rationale the Supporting Memorandum of the Empire State Development Corporation states:
“The bill would streamline some wasteful, time-consuming requirements in current law about who may/may not sign certificates filed with the Department of State, and what accompanying information *773 (e.g., dates, verification, etc.) [i]s required.
“The bill is well-intentioned in that it modifies existing lawyer/notary-driven requirements which benefit only those occupations, to the detriment of the larger business community, the Department of State, and the public interest. Many of our competing states do not have such requirements.” (Mem of Empire State Dev Corp in Support, Bill Jacket, L 1998, ch 375.)
These memoranda indicate an intent to streamline the procedure for making simple changes to corporate information consistent with the rationale of Western Transp. to “produce certainty on the subject [of the location of a corporation’s principal office].” Permitting the use of a biennial registration statement to change a corporation’s principal office certainly reduces the “wasteful, time-consuming requirements . . . [which are] to the detriment of the larger business community, the Department of State, and the public interest” (see Mem of Empire State Dev Corp in Support, Bill Jacket, L 1998, ch 375). An official database updated every two years provides more accurate information than certificates of incorporation, which are often filed and promptly placed in a file drawer to be ignored. Privately held business entities often fail to amend their certificates of incorporation when relocating. Sometimes those entities no longer have any presence at the address stated in the certificate.
Acme filed its certificate of incorporation in 1960. Its principal office was relocated sometime during the last 56 years although no amendments to the certificate of incorporation were ever filed. In contrast, the biennial registration statement filed by Acme updated this information and provided the public with easily accessed current information. In addition, corporations are required to file the biennial registration statement, but not ever required to update their certificates of incorporation.
The dissenting opinion by Justice Saxe in Díscolo should be revisited given the advances in technology and ready Internet access that have occurred over the 10 years since that opinion was written. As Justice Saxe stated in 2007: “Under these circumstances, the continued automatic application of the rule that we may look only at the certificate of incorporation, and must ignore documents that as a practical matter serve to update the information in that certificate, seems like willful ignorance.” (Discolo at 127-128.)
*774 In the opinion of the undersigned, based upon the information contained in the official database of the Department of State, Acme’s principal place of business is in Suffolk County which is the venue of this action.
Plaintiff’s motion for reargument is granted and upon re-argument the relief requested is denied.
Ordered, the decision of the undersigned dated November 22, 2016, which determined the venue of this action lies in Suffolk County is confirmed; and it is further ordered that the venue of this action is changed from Supreme Court, County of Nassau, to Supreme Court, County of Suffolk.