Celentano v Boo Realty, LLC (2018 NY Slip Op 02882)





Celentano v Boo Realty, LLC


2018 NY Slip Op 02882


Decided on April 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2018

Renwick, J.P., Manzanet-Daniels, Tom, Andrias, Oing, JJ.


6369 301773/16

[*1]Jeanine Celentano, Plaintiff-Respondent,
v
Boo Realty, LLC, et al., Defendants-Appellants.


Babchik & Young, LLP, White Plains (Michael J. Clemente of counsel), for appellants.
Spiegel & Barbato, LLP, Bronx (Brian C. Mardon of counsel), for respondent.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about January 9, 2017, which denied defendants' motion to dismiss the complaint as against defendant Jo Lu Real Properties, Corp. (Jo Lu), and thereupon to change venue to Westchester County, unanimously affirmed, with costs.
In this premises liability action, plaintiff alleges that defendants Boo Realty, LLC and Jo Lu owned, managed and/or maintained plaintiff's apartment, where the accident occurred. The complaint states a cognizable cause of action against Jo Lu, and its allegations must be accepted as true on a motion to dismiss (see CPLR 3211[a][7]; Rovello v Orofino Realty Co., 40 NY2d 633 [1976]).
The documentary evidence submitted by defendants in support of their motion to dismiss neither "utterly refutes plaintiff's factual allegations," nor "conclusively establishes a defense to the asserted claims as a matter of law" (Mill Fin., LLC v Gillett, 122 AD3d 98, 103 [1st Dept 2014] [internal quotation marks omitted]; CPLR 3211[a][1]). The deed for the property and the lease for plaintiff's apartment show that Boo Realty owns the property, but those documents alone are insufficient to refute plaintiff's allegations that Jo Lu managed and maintained the premises (see 138-140 W. 32nd St. Assoc. LLC v 138-140 W. 32nd Assoc., 128 AD3d 548 [1st Dept 2015]). The factual affidavit of Boo Realty's member is not "documentary evidence" for purposes of CPLR 3211(a)(1) (see Flowers v 73rd Townhouse LLC, 99 AD3d 431 [1st Dept 2012]; Tsimerman v Janoff, 40 AD3d 242 [1st Dept 2007]), and even if the conclusory affidavit is considered, it is insufficient since it failed to explain why Jo Lu is the entity named on the insurance policy for the premises.
Since Jo Lu has a principal place of business in Bronx County, plaintiff properly placed venue there (see Krochta v On Time Delivery Serv., Inc., 62 AD3d 579 [1st Dept 2009]). Defendants made no attempt to demonstrate that a discretionary change of venue would be warranted based on the convenience of any specified witnesses (see CPLR 510[3]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 26, 2018
CLERK