Villalba v Brady (2018 NY Slip Op 04518)





Villalba v Brady


2018 NY Slip Op 04518


Decided on June 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2018

Friedman, J.P., Sweeny, Webber, Kahn, Oing, JJ.


6920N 157091/17

[*1] Wilmer E. Villalba, Plaintiff-Appellant,
v
John ("Jack") R. Brady, et al., Defendants-Respondents, DM Carpentry Corp., et al., Defendants.


Law Office of Robert F. Danzi, Jericho (Christine Coscia of counsel), for appellant.
DeSena & Sweeney, LLP, Bohemia (Shawn P. O'Shaughnessy of counsel), for respondents.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered February 8, 2018, which granted the motion of defendants John ("Jack") R. Brady and Jack R. Brady d/b/a Jack Brady Custom Builder (collectively Brady defendants) to change venue from New York County to Suffolk County, unanimously reversed, on the law, without costs, and the motion denied.
The Brady defendants failed to timely serve a demand to change venue based on the placement of venue in an improper county and thus were not permitted to seek a change of venue pursuant to CPLR 511(a) (see Kurfis v Shore Towers Condominium, 48 AD3d 300 [1st Dept 2008]).
In any event, plaintiff properly placed venue in New York County based upon defendant DM Carpentry Corp.'s certificate of incorporation, filed in 2011, which designated New York County as the location of its corporate office (see CPLR 503[c]; Hill v Delta Intl. Mach. Corp., 16 AD3d 285 [1st Dept 2005]). Although the Brady defendants provided a 2017 printout of information from the Department of State showing that DT Carpentry's initial filing date was 2011 and that its principal executive offices are in Suffolk County, absent any indication that the 2011 certificate of incorporation was ever amended, the residence designated in that certificate controls for venue purposes (see Martirano v Golden Wood Floors Inc., 137 AD3d 612, 613 [1st Dept 2016]; Krochta v On Time Delivery Serv., Inc., 62 AD3d 579, 580 [1st Dept 2009]).
Furthermore, while defendants could seek a discretionary change of venue without complying with the timing requirements of CPLR 511 (see Conway v Gateway Assoc., 166 AD2d 388 [1st Dept 1990]), they failed to make any showing justifying such a request. The Brady defendants failed to set forth the identity and availability of any proposed witnesses, the nature and materiality of their anticipated testimony, and the manner in which they would be inconvenienced by the designated venue (see Leopold v Goldstein, 283 AD2d 319 [1st Dept 2001]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 19, 2018
CLERK