Hakanjin v Lincare, Inc. (2019 NY Slip Op 03677)





Hakanjin v Lincare, Inc.


2019 NY Slip Op 03677


Decided on May 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2019

Sweeny, J.P., Gische, Tom, Gesmer, Singh, JJ.


9270N 9269

[*1] Labinot Hakanjin, et al., Plaintiffs-Appellants,
v
Lincare, Inc., individually and doing business as Lincare Holdings, Inc., et al., Defendants-Respondents.


Parker Waichman LLP, Port Washington (Jay L.T. Breakstone of counsel), for appellants.
Morris Duffy Alonso & Faley, New York (Iryna S. Krauchanka of counsel), for respondents.



Order, Supreme Court, Bronx County (Donald Miles, J.), entered on or about February 22, 2018, which granted defendants' motion to change venue to Westchester County, and denied plaintiffs' cross motion to retain venue in Bronx County or, in the alternative, change venue to New York County, and order, same court and Justice, entered August 10, 2018, which, upon granting reargument of plaintiff's cross motion, adhered to its prior determination, unanimously affirmed, without costs.
On appeal, plaintiffs do not argue that venue was proper where the action was filed (in Bronx County); rather, they argue that the motion court erred in transferring the case to the venue requested by defendants (Westchester County) instead of the alternative venue requested by them (New York County).
Plaintiffs did not forfeit their right to select venue by selection of an improper venue because they reasonably relied in making that selection on information contained in the official police accident report, which turned out to be outdated (see Astillero v Abramov, 92 AD3d 436 [1st Dept 2012]; Discolo v River Gas & Wash Corp., 41 AD3d 126, 126 [1st Dept 2007]; Vasquez v Sonin, 259 AD2d 340, 341 [1st Dept 1999]).
However, the motion court's determination to transfer this case to Westchester County was nonetheless proper because plaintiffs failed to demonstrate that the action could properly have been commenced in New York County (see Saxe by Saxe v OB/GYN Assoc., 86 NY2d 820, 822 [1995]). Under the version of CPLR 503(a) in effect when this action was commenced, the action could properly have been commenced in any county in which a party resided at the time of commencement. Plaintiffs failed to offer any evidence in support of their claim that they resided in New York County when the action was commenced (see Key-Kanuteh v Kenia, 288 AD2d 16 [1st Dept 2001]). By contrast, it is undisputed that at least one of the corporate defendants resided in Westchester County at that time.
Plaintiffs' argument that it would be more convenient for them to litigate in New York County is likewise unavailing. Although plaintiffs named several potential medical witnesses, they "failed to set forth the probable nature of their testimony, or whether they were prepared to [*2]testify and in what other manner, if any, Westchester County would be an inconvenient forum" (Lynch v Cyprus Sash & Door Co., 272 AD2d 260, 261 [1st Dept 2000]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 9, 2019
CLERK